SOPHIE CLOOS, Appellant, v. BERNARD CLOOS, Respondent.

*Conveyance to husband and wife " as joint-tenants" prevents their taking as tenants by the entirety.*

Where, by the terms of the instrument of conveyance, property is conveyed to a husband and wife "as joint-tenants," to be held by them, "their heirs and assigns, forever as joint-tenants, and not as tenants in common," a joint-tenancy, and not a tenancy by the entirety, is created between the husband and wife. *Bertles* v. *Nunan* (92 N. Y., 152) distinguished.

APPEAL by the plaintiff from a judgment, entered in the office of the clerk of the county of Kings on the 18th day of October, 1889, dismissing the plaintiff's complaint after a trial before the court at Special Term without a jury.

The action was in partition, the complaint alleging that the plaintiff and defendant were joint-tenants of certain premises on Hudson avenue, in the city of Brooklyn, and demanding the usual judgment.

The title was conveyed by two deeds to Bernard Cloos and Sophia Cloos, his wife, one of August 1, 1884, by Mary Driscoll of the first part " and Bernard Cloos and Sophie Cloos, as joint-tenants, and not as tenants in common, of the same place, parties of the second part," the other of April 23, 1887, between John Finley and wife of the first part, " and Bernard Cloos and Sophie Cloos, his wife, of the same place, as joint-tenants, parties of the second part, * * * to have and to hold all and singular the above mentioned and described premises, together with the appurtenances, unto the said parties of the second part, their heirs and assigns, forever, as joint-tenants, and not as tenants in common."

*James Richards*, for the appellant.

*Moffett & Kramer*, for the respondent.

PRATT, J.:

The common-law rule, that where lands are conveyed to husband and wife jointly they hold as tenants by the entirety, still prevails in this State, and has not been abrogated by the various acts of the legislature with respect to married women. (*Bertles* v. *Nunan*,

92 N. Y., 152; *Zorntlein* v. *Bram*, 100 id., 12.) That husband and wife may hold lands as joint-tenants, or as tenants in common, would seem to be recognized by chapter 472, Laws of 1880. When they so hold an action in partition will lie at the suit of either against the other. (*Moore* v. *Moore*, 47 N. Y., 467.)

The only question in this case is whether the two deeds, which conveyed the premises in question, created a joint-tenancy, or a tenancy by the entirety as to those lands. The deed of August 1, 1884, is between Mary Driscoll, as grantor, and Bernard Cloos and Sophie Cloos, as grantees " as joint-tenants, and not as tenants in common." It conveys to them "their heirs and assigns forever." The deed of April 23, 1887, is between John Farley, as grantor, and Bernard Cloos and Sophie Cloos, as grantees, " as joint-tenants," and conveys to them " their heirs and assigns forever." In this deed the habendum clause is to the grantees " their heirs and assigns forever, as joint-tenants, and not as tenants in common." It seems very clearly to have been the intention of the parties to create a joint-tenancy. We think such a tenancy was created unless it is impossible for husband and wife to take other than by the entirety where they take under one deed. We do not understand that such a disability exists where apt words are used in the conveyance. (*Hicks* v. *Cochran*, 4 Edw. Ch., 107; *McDermott* v. *French*, 15 N. J. Eq., 78.) To the same effect are Washburn on Real Property (vol. 1, chap. 13, § 4) ; 4 Kent's Commentaries (363), and Preston on Estates (132). In *Bertles* v. *Nunan* the conveyance was to husband and wife, their heirs and assigns, without designating any particular estate as to each. It simply gave them the fee, and the Court of Appeals held that they took as tenants by the entirety under the common law. It does not seem to us that the court intended to decide, or in fact did decide, in that case that husband and wife could not take by deed either as joint-tenants or as tenants in common where proper words were used. We are, therefore, of opinion that the court at Special Term erred in dismissing the complaint.

The judgment appealed from should be reversed, and a new trial be ordered, with costs to abide the event.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.