Pratt, J.
The common law rule that where lands are conveyed to husband and wife jointly they hold as tenants by the entirety, still prevails in this State and has not been abrogated by the various acts of the Legislature with respect to married women (Bertles v. Nunan, 92 N. Y. 152 ; Zorntlein v. Bram, 100 Id. 12).
That husband and wife may hold lands as joint tenants or as tenants in common, would seem to be recognized by Chap. 472, Laws 1880. When they so hold, an action in partition will lie at the suit of either against the other (Moore v. Moore, 47 N. Y. 467).
The only question in this case is, whether the two deeds *228 which conveyed the premises in question, created a joint tenancy by the entirety as to those lands.
The deed of August 1, 1884, is between Mary Driscoll, as grantor, and Bernard Oloos and Sophie Oloos, as grantees, “ as joint tenants and not as tenants in common.” It conveys to them “ their heirs and assigns forever.”
The deed of April 23, 1887, is between John Farley, as grantor, and Bernard Oloos and Sophie Oloos, as grantees, “ as joint tenants,” and conveys to them “ their heirs and assigns forever.” In this deed the habendum clause is to the grantees, “ their heirs and assigns forever, as joint tenants and not as tenants in common.” It seems very clearly to have been the intention of the parties to create a joint tenancy. We think such a tenancy was created unless it is impossible for husband and wife to take other than by the entirety where they take under one deed. We do not understand that such a disability exists where apt words are used in the conveyance (Hicks v. Cochran, 4 Edw. Ch. 107; McDermott v. French, 15 N. J. Eq. 78). To the same effect are Washbiorri on Real Property, Vol. I., chap. 13, § 4; Kent's Com. 363, and Preston on Estates, 132.
In Bertels v. Hunan, the conveyance was to husband and wife, their heirs and assigns, without designating any particular as to each. It simply gave them the fee, and the court of appeals held that they took as tenants by the entirety, under the common law. It does not seem to us that the court intended to decide, or in fact did decide, in that case that husband and wife could not take by deed either as joint tenants, or as tenants in common, where proper words were used.
We are therefore of opinion that the court at Special Term erred in dismissing the complaint.
The judgment appealed from should be reversed and a new trial be ordered with costs to abide the event.
Barnard, P. J., concurred. •
*229 Note on Tenancies by the Entirety.
The simplest form of post nuptial settlement next after the conveyance, through a third person to the wife, of an entire fee, is a conveyance to both creating the old common law tenancy by the entirety. This estate was for a long time so little used by conveyancers in this country that it became, in the opinion of many of the profession, obsolete after the operation of the married women’s act. But considerable classes of industrious and thrifty people have found' it so well suited to their needs that it would have been a misfortune had the courts felt bound to sustain the opinion that it was abolished. My readers will doubtless find it advantageous to notice the legal results of this estate under our existing system of law.
It will be seen that the simplest form of creating it is the clearest, a deed to A. B., and M. B., his wife, their heirs and assigns forever.
The main features of the rights which it establishes are that the husband has a marital control for life; and the life ■estate in him is not beyond the reach of his creditors ; and on the death of either the entire fee vests in the survivor.

Notes of Oases.

1. At common law husband and wife cannot tahe as joint tenants.] McCurdy v. Canning, 64 Penn. St. 39. Ejectment. Deed to husband ■and wife (the defendants). Habendum, “ to have and to hold the said premises as tenants in common and not as joint tenants, unto the said Robert Canning and the said Eliza Canning, theirs heirs and assigns forever.” A judgment was subsequently entered, and his interest in the premises sold.— Held, that the husband and wife took an estate by entireties. They could not take by moities, by reason of their legal unity; both are seized per tout et non per my. Consequently neither can dispose of any part without consent of the other; if the husband •might convey or mortgage the estate for the period of his own life, necessarily it would follow that it could be taken under execution, which cannot be done. Also, the same words which would make two other persons joint tenants, will make husband and wife tenants by the entirety. [But under the married woman’s act they can take as tenants. in common by express words of conveyance.]
2. Tenancy in common may be created by express provision.] Hicks v. Cochrane, 4 Edw. Ch. 107. Bill to establish will. Deed to Henry Pritchard and Mariana Pritchard “and to their heirs and assigns, the one equal undivided half part of each of all that certain messuage, etc. —Habendum, in fee on the following conditions: 1. That the said Mariana should have the government and receive all the rents and profits during her life. 2. That she should not at any time convey her half with *230 out consent of Henry. 3. That she should have sole power to will her half. 4. Either dying intestate, the whole to go to the survivor.—Held, that although the effect of a deed to husband and wife is to let the entirety go to the survivor, yet it may by express words, create a tenancy in common. That by the.terms of the deed in question the-parties took as tenants in common, as if the words, “ to hold as tenants' in common,” had been used.
3. Statute making tenancies presumptively common does not apply to‘ husband and wife.] Den v. Hardenbergh, 5 Halst. N. J. 42. Ejectment. Deed to James Hardenbergh and Eliza his wife. Habendum, to-their own proper use, their heirs and assigns forever.—Held, that the-conveyance did not, strictly speaking, create the husband and wife joint tenants, but created an estate of a peculiar nature of which they were-seized, not per my el per tout (as joint tenants would be) but solely and simply per tout. That a statute enacting “ that no estate shall be considered a joint tenancy, except that it be expressly set forth in the grant, or devise that it is intended to be an estate in joint tenancy, and not an estate of tenancy in common,” did not apply to an estate granted to husband and wife.
For the similar provision in New York, see 1 R. S. 727.
4. The tenancy is not abrogated by the married women's act.] Bertles v. Numan, 12 Abb. N. C. 282 ; s. c., 92 N. Y. 152. Deed to. “ Cornelius Day and Hannah Day his wife, their heirs and assigns.” Husband died leaving wife surviving. The latter died intestate. Plaintiff as administrator contracted to sell to defendant, who refused, to complete purchase, claiming that wife was seized only of a half interest. Case submitted.—Held, that by the common law, when land was-conveyed to husband and wife, they did not take as tenants in common, nor as joint tenants, but each became seized of the entirety, per tout et non per my and upon the death of either, the whole survived the other. That this common law doctrine has not been abrogated by the statutory provisions, enabling a wife to acquire and hold a separate-estate, and to sell and convey the same.
5. —it is not a joint tenancy.] Babbit v. Scroggin, 1 Duv. Ky. 272. Bill to quiet title. Plaintiffs claimed as heirs of one Mary Parker, to whom and her husband a conveyance had been made. Said Mary survived her husband.—Held, that the husband and wife took by entireties, and that the wife having survived, plaintiffs were entitled to the land by descent. That the statute of 1796; abolishing survivor-ship among joint tenants, did not apply to tenants by entirety, as the two tenancies were different and .distinct; joint tenants holding per my etper tout, tenants by the entirety holding per tout et non per my.
6. Terms of instrument which may create it.] Torrey v. Torrey, 14 N. Y. 430. Ejectment. Defendant leased to Daniel Torrey and *231 plaintiff his wife, during their natural lives and the longest liver of them.—Held, that the husband and wife did not take as joint tenants, but as tenants by the entirety. They cannot take by moieties. Each is seized of the whole; the wife having survived her husband took by force of the original conveyance.
7. Rogers v. Grider, 1 Dana, (Ky.) 242. Conveyance to husband and wife. Land subsequently sold under executions against husband, and plaintiff became purchaser. The wife filed a bill for a release to her of the whole of the land.—Held, that the conveyance to husband and wife did not make them joint tenants, but tenants by entire-ties. One of the incidents of joint tenancy was the right of one tenant to alienate his interest, whereas neither husband or wife can make any alienation of the estate conveyed to them during coverture. The estate of joint tenants is an unit made up of divisible parts ; the estate by entirety is an unit, not made up of any divisible parts, but is an indivisible whole, and on the death of either husband or wife, the survivor takes no new estate or interest, and nothing but that was in him or her before. That the release should therefore be decreed.
8. Doe v. Garrison, 1 Dana, 35. Ejectment. It was contended by defendant that upon the death of her father, a moiety of five hundred acres conveyed to him and his wife, descended to the children, and. that an entry of defendant, one of the children, should be presumed to be by virtue of her title and not merely by permission of her mother.— Held, that the moiety did not so descend. That an estate conveyed to husband and wife is not a joint tenancy. Joint tenants take by moieties, and are each siezed of an undivided moiety of the whole— per my el per tout. But husband and wife, being legally but one person, there can be no moieties between them. Each has the entirety, and they are seized per tout and not per my. Upon the death of the husband, the estate becomes the wife’s, absolutely.
9. Doe v. Wilson, 4 B. & A. (Evg.) 303. Ejectment. Surrender of copyhold to J. M., and E., his wife, for and during the term and terms of their natural lives, and the life of the longer liver of them, and from and after the decease of the survivor of them, to the right heirs of the survivor of them forever.”—Held, that the husband and wife took an estate for their joint lives and the life of the survivor, with a contingent remainder in fee to the survivor.
10. Bricker v. Whately, 1 Vern. 233. Will bequeathed the rest and residue of testator’s property to Stephen Whately and Hester his wife, equally to be divided amongst them. It was urged that husband and wife took as tenants in common, by reason of the words “ equally to be divided between them.”—Held, that husband and wife took by entireties, it being proved that the wife only was of kin to the testator.
*232 11. Barber v. Harris, 15 Wend. 615. Ejectment. Conveyance to husband and wife and to six of their children, (having them,) and to such other children of the marriage as might subsequently be born. —Held, that the deed created a tenancy in common between the husband and wife, and the children ; but as between the husband and the wife, an estate by the entireties was created. Each was seized pel• tout et non per my and being but one person there could be no moiety nor separate estate between them. Neither could alien the same without the consent of the other. But the husband having the control during his life, he might convey or mortgage it during that period.
12. Edwards v. Beall, 75 Ind. 401. Bill to set aside mistake and for partition, etc. Conveyance of land to a woman and her husband, tp be held by her as her own property, the husband having the possession during his lifetime and possession to return to her if she survive him. —Held, that by the terms of the deed, a joint tenancy by entireties was not vested in husband and wife, but an estate in fee vested in the wife subject to his life estate..
13. Chandler v. Moore, 37 Ind. 391. Proceedings to enjoin sale under forclosure. Conveyance to Eldridge G. Mayhew and Sarah Mayhew [who were husband and wife]. The husband mortgaged the property by his separate deed.—Held, that in order to the creation of an estate by entirety, it is not necessary that husband and wife should be named as such in the deed. That the same form of words, which, if the grantees were unmarried, would have constituted them joint tenants, will, they being husband and wife, make them tenants by entireties. That the marked difference between the two estates is, that in a joint tenancy, either may convey to a stranger; but in tenancies by the entirety, neither can convey so as to affect their joint use of the property. They are seized per tout and not per my.
14. Farmers’, etc. Bank v. Gregory, 49 Barb. 155. Actions to set aside conveyances. Defendant conveyed in trust to Humphrey to convey to said defendant and his wife as joint tenants.—Held, that the statutes creating a separate estate in married women, had no effect upon real estate conveyed to husband and wife jointly. That husband and wife held such estate, not as joint tenants, but as tenants by entirety, and the same mode of conveyance which would make two other persons joint tenants will make the husband and wife tenants of the entirety.
15. Green v. King, 2 Wm. Bl. 1211. Ejectment. John Beauchamp' surrendered a copyhold “to the use of Fitzwalter and Elizabeth, his wife, and the longer liver of them, and after .the death of the longer liver, to their right heirs.” The wife survived and devised to plaintiff.— ■Held, that the husband took by entireties, that is, per tout and not per my. That such an estate was distinguished from a joint tenancy, in that joint tenants took by moieties. In a joint tenancy the tenants *233 might sever their moieties, but in a tenancy by entirety neither the husband nor wife could alien, each being seized of the whole.
16. Termination by divorce.] Lash v. Lash, 58 Ind. 526. Husband and wife held an estate as tenants by the entirety and the wife obtained an absolute divorce.—Held, that the divorce worked a discontinuance of the estate by the entirety, and the husband and wife thereupon became joint tenants and the wife might have partition.
17. Conveyance by husband who has abandoned his wife.] O’Connor v. McMahon, 64 Hun, 66. The husband cannot do any act which will deprive the wife of her rights under L. 1860, c. 90, § l,.in lands held by the entirety, and the reasonable support which the same may bring to her. The husband, by virtue of his marital rights, has the power to receive and dispense the avails of the land for the common support of himself, his wife and their children. In the due and lawful management thereof he is free from the interference of his wife. This dominating right springs from the relation he bears to her as husband under the common-law rule. When, however, he absents himself from the possession and control of the property and leaves his wife in the sole possession and control, he can do no act which will deprive her of the enjoyment which the grant was intended to bring to her. A husband, therefore, who has abandoned his wife and left her in possession, cannot, by attempting to convey the premises, during her life-time, effectually vest his grantee with any right as against the wife, to the use and possession of the premises.
18. — grant to husband, wife and third person.] Back v. Andrew, 2 Vern. 120. Bill to discover title. Purchase made of copyhold estate by John Andrew, and surrender taken to John Andrew and his wife, and Elizabeth his daughter and their heirs. Plaintiff purchased estate of Andrew. —Held, that husband and wife took a moiety by entireties, and the daughter the other moiety. That the husband could not alien the moiety which he and his wife took, so as to bind the wife, and that the other moiety was completely vested in the daughter.
19. Statute creating succession by entireties. Gillan v. Dixon, 65 Pa. St. 395. Assumpsit to recover certain notes. A child died intestate, unmarried, without issue.—Held, that the personal estate vested in her father and mother absolutely under Act 1883, § 3 (Intestates). That owing to their legal unity the husband and wife did not stand as ordinary joint tenants to each other, but were seized by entireties and not per my et per tout.
20. Survivorship.] Jackson v. Stevens, 16 Johns. Ch. 109. Ejectment. Mary Stevens, widow of Samuel Stevens, took, under the will of the latter, one-fourth of a farm. Mary married Blanchard, and together they conveyed the one-fourth part to Buggies, and he reconveyed to Blanchard and wife. Blanchard survived his wife and claimed *234 the whole of the-estate.—Held, that husband and wife took, not as joint tenants nor as tenants in common, but by entirety. That the statute enacting that persons shall not take as joint tenants unless expressly stated in the conveyance, did not apply to tenants by entirety. That, therefore, the husband took the whole by survivorship.
21. Husband's power; lease by husband, and action thereon. Topping v. Sadler, 5 Jones L. (N. C.) 357. Ejectment. Deed to husband and wife. Defendant asked the court to charge the jury that plaintiff should have declared on a joint demise by him and his wife and that he could not recover on his own demise alone. Refused.—Held, on appeal that the fact that the husband has also an estate jointly with the wife, cannot put him in a worse condition than if he had no estate except such as he acquired jure marili, for he has something more. Though there is a fifth unity, to wit: that of person, he may make a lease for years which will be valid during coverture; consequently he may maintain ejectment on his own demise.
22. Mortgage ends with husband's life.] Rogers v. Benson, 5 Johns. Ch. 431. Bill to have claim paid out of proceeds of mortgage. Deed to William Houstoh and Mary, his wife, of one equal undivided fifth part of an estate. Mary survived her husband, and, the property descended to her heirs. Plaintiff’s bill proceeded upon a mortgage made by the husband, but not joined in by wife.—Held, that husband and wife took by entireties ; each.heldper tout and the husband could make no conveyance without the consent of the wife. That the same words of conveyance which will make two other persons joint tenants, ■ will make the husband and wife tenants by the entirety.
23. Husband cannot convey wife's interest.] Doe v. Parratt, 5 Tenn. Rep. 652. Ejectment. Copyhold estate devised to husband and wife in fee. Husband conveyed, wife not joining.—Held, that the devise created an estate by the entirety. That though a devise to A. and B., who are strangers to each other, creates a joint tenancy, and the conveyance by one severs the joint tenancy and passes a moiety, yet where the devise is to the husband and wife, they take by entireties, and not by moieties ; and the husband alone cannot by his own conveyance, without joining his wife, divest the estate of his wife.
24. Eights of creditors.] Washburn v. Burns, 34 N. J. L. 18. Action against defendants, husband and wife; on a mechanics’ lien for the debt ■ of the husband. The property upon which the lien was filed was held by the husband and wife as tenants by entirety.—Held, that during the period of their joint lives, the wife could have no interest in the estate. It is then to be considered the husband’s interest alone, and as such is subject to his debts contracted by him.
25. Bevins v. Cline, 21 Ind. 37. Action by administrator of deceased wife on a note given for purchase of property previously *235 owned by her and her husband and conveyed by joint deeds. Defencethat the interest of the husband was sold on execution by the entirety. —Held, that in a tenancy by entirety, each is seized per tout ei non per my ; neither can take by moieties, and each as well as both are-entitled to the whole. Neither can sever the estate by his or her own act as in a case of joint tenancy. Nor would it seem could the separate interest of either be sold on execution, for, in fact, there is no separate-interest.
26. Debt.] Beach v. Hollister, 3 Hun, 519. Ejectment to recover property purchased by plaintiff under an execution issued against one Owen, to whom and his wife, the property had been previously conveyed. —Held, that as the estate had been conveyed to husband and wife, they were not properly joint tenants, nor tenants in common. They could not take by moieties, but are both seized of the entirety. That the interest of the husband in the property was subject to sale on execution ; because what a man can sell himself, can on execution be legally sold for his debts; the husband has the absolute control of the estate by entirety during his life, and may mortgage, lease, or convey his interest. As to whether his contingent interest dependent upon his-surviving his wife may be sold, query.
27. Bennett v. Child, 19 Wisc. 362. [McCurdy v. Canning, 64 Penn St., contra.] Action to restrain sheriff from deeding land sold under execution. Plaintiffs, as husband and wife, purchased premises jointly, and took a deed running to them both. Nearly one half of the purchase money was paid out of the wife’s separate estate. The land was subsequently sold on execution, for a debt contracted by the husband, subsequent to the joint purchase.—Held, that while the husband cannot alienate an estate held by him and his wife by the entire-ties, as against the wife surviving him, yet he has an absolute right to dispose of his life interest. Haying such power of disposition, his-creditors may attack his life interest under execution.
28. Ketchum v. Walsworth, 5 Wisc. 95. Application by plaintiff as administrator of husband to sell lands held by husband and wife. The lands in controversy were entered in the land office in the joint names of husband and wife,, with money the separate property and estate of wife. Husband died intestate, leaving debts.—Held, where an estate is granted to husband and wife jointly, they take by the entireties; and neither can dispose of the same without the consent of the other. The words of conveyance which would make two other persons joint tenants, will make husband and wife tenants by the entirety. That wdiere such an estate is purchased with the separate property of the wife, equity will not interfere to subject the estate so-purchased to the payment of the husband’s debts, contracted before marriage.