## WURZ v. WURZ.

*(Supreme Court, Special Term, New York County.  April 2, 1891.)*

HUSBAND AND WIFE—ACTIONS BETWEEN—PARTITION.

> Laws N. Y. 1880, c. 472, provides that a husband and wife may make partition between themselves of lands held by them as joint tenants, etc. *Held*, that where a deed of land to a husband and wife, executed after the act of 1880 took effect, expressly provides that the grantees shall hold as joint tenants, the husband may maintain an action against his wife for partition of the land so conveyed.

Action by Charles Wurz against Katherine Wurz, his wife, for partition of lands conveyed to plaintiff and defendant to hold as joint tenants.

*Caleb A. Burgess*, for plaintiff.  *A. P. Wagener*, for defendant.

LAWRENCE, J.   Section 1532, Code Civil Proc., provides that "where two or more persons hold and are in possession of real property, as joint tenants or as tenants in common, in which either of them has an estate of inheritance, or for life or for years, any one or more of them may maintain an action for the partition of the property, according to the respective rights of the persons interested therein," etc.   The plaintiff and defendant in this case are husband and wife, and the property sought to be partitioned was conveyed to them on or about the 5th day of July, 1883, by deeds in which it is expressly recited that such conveyances are made to the parties of the second part as joint tenants. It was held by the court of appeals in *Bertles* v. *Nunan*, 92 N. Y. 152, that the common-law rule that, where land is conveyed to husband and wife, they do not take as tenants in common or as joint tenants, but each becomes seised of the entirety, *per tout* and not *per my*, and that on the death of either the whole survives to the other, still subsists in this state, notwithstanding the acts in relation to married women.   That case was followed in *Zorntlein* v. *Bram*, 100 N. Y. 12, 2 N. E. Rep. 388.   In the latter case, the act of 1880, c. 472, which allows husband and wife to make division between themselves of any lands or tenements which they hold as tenants in common, joint tenants, or as tenants by the entirety, was held not to affect the case under consideration, for the reason that the conveyance then before the court was made to the husband and wife before the passage of that act.   Upon examining those cases, it nowhere appears that the deed expressly stated, as in this case, that the husband and wife were to take as joint tenants.   The deed seems simply to have been to husband and wife, without specifying the estate which they were to take.   In this case, the deeds expressly state that the grantees are to take as joint tenants.   A joint tenancy in this state can, under the provision of the Revised Statutes, only be created by an express declaration to that effect in the deed or will by which the estate is granted or devised.   4 Rev. St. (8th Ed.) p. 2435, § 44.   The act of 1880, before referred to, entitled "An act in relation to the partition of lands held by husband and wife as joint tenants, tenants in common, or as tenants by the entireties," expressly recognizes the capacity of husband and wife to take as joint tenants; and, inasmuch as the deeds in this case were executed after the passage of that act, there is nothing contained in the opinions of the court in *Bertles* v. *Nunan* and *Zorntlein* v. *Bram*, *supra*, which denies the power of the court, under the provision of the Code of Civil Procedure above cited, to grant a partition of the property the same as in other cases.   I am of the opinion, therefore, that the plaintiff is entitled to the judgment demanded by the complaint in this action, and such judgment will accordingly be granted.   Settle the decree and findings on notice.