WILLIAM A. BALDWIN, Respondent, *v.* JANE E. BALDWIN and Others, Appellants.

*Partition between joint tenants — extinction of right of survivorship — Code Civ. Proc. § 1532.*

Through the medium of equity and by means of statutory enactments the right to compel partition has become an incident to ownership in joint tenancy, as well as to tenancy in common.

An action for compulsory partition is maintainable between the tenants of land conveyed to them, "as joint tenants, and not as tenants in common," by a deed executed and delivered since the enactment of section 1532 of the Code of Civil Procedure, which provides that, "Where two or more persons hold and are in possession of real property, as joint tenants or as tenant in common, in which either of them has an estate of inheritance, or for life, or for years, any one or more of them may maintain an action for the partition of the property," etc.

Such conveyance will be deemed to have been made with reference, and in subordination, to the above statutory provision, by which the parties to the conveyance were apprised, at the time of its making and execution, that the right of survivorship would depend upon the consent of the joint tenants.

APPEAL by the defendants, Jane E. Baldwin and others, from an interlocutory judgment of the Supreme Court, rendered at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 30th day of August, 1893, directing a sale of real property in an action brought for its partition.

*Thos. J. McKee,* for the appellants.

*James A. Donegan,* for the respondent.

PARKER, J. :

This appeal brings up for review a judgment in partition of certain premises conveyed to the plaintiff and defendants as joint tenants; the deed declaring that the estate was conveyed to them "as joint tenants and not as tenants in common."

The joint tenants, other than the plaintiff, deny his right to maintain an action of partition, and insisted upon the trial, and again upon this appeal, that compulsory partition of lands owned and possessed by joint tenants cannot be made. And their contention is founded on the doctrine of survivorship, which is the distinguishing incident of title by joint tenancy.

That as the whole estate or interest held in joint tenancy may pass to the last survivor, and become vested in him absolutely, there is secured to him a right to such interest as may accrue to the survivor — a right which cannot be taken away from him without his consent.

A serious consideration of the appellants' contention is embarrassed by the fact that section 1532 of the Code of Civil Procedure expressly authorizes partition of such an estate as was conveyed to these parties as joint tenants.

It reads as follows : " Where two or more persons hold and are in possession of real property, as joint tenants or as tenant in common, in which either of them has an estate of inheritance, or for life, or for years, any one or more of them may maintain an action for the partition of the property, according to the respective rights of the persons interested therein, and for a sale thereof, if it appears that a partition thereof cannot be made without great prejudice to the owners."

It is suggested by the appellants that a joint tenant cannot be deprived of his right of survivorship by statute. If that suggestion be seriously made it certainly requires no other answer than that prior to the execution and delivery of the deed by which the joint tenancy in question was created, a statute was enacted providing that in case an estate of inheritance, or for life, or for years, should be vested in two or more persons as joint tenants, any one of them may

maintain partition. Thus the parties to the conveyance were apprised, at the time of its making and execution, that the right of survivorship would depend upon the consent of the joint tenants. And their conveyance will be deemed to have been made with reference, and in subordination, to this provision of the statute.

The right to maintain such an action has been recently considered in *Cloos* v. *Cloos* (55 Hun, 450). The conveyance was to the husband and wife " as joint tenants, and not as tenants in common." The wife subsequently commenced an action of partition, and the Special Term, reaching the conclusion that the action was not maintainable, dismissed the complaint. This judgment the General Term reversed, holding that where husband and wife hold lands as joint tenants an action of partition will lie at the suit of either.

In *Jooss* v. *Fey* (129 N. Y. 23) the premises in controversy were conveyed to husband and wife as joint tenants ; subsequently the wife conveyed her interest to the plaintiff, who brought an action of partition. The court held that the interest acquired by the wife was alienable by her, and plaintiff having acquired title through her conveyance to him, he was entitled to maintain partition under section 1532 of the Code quoted *supra.*

But the authority to partition lands held by joint tenants is not by any means of modern creation, as its discussion at this time would seem to suggest. At common law it was the rule that neither joint tenants nor tenants in common could compel partition. (Alnatt on Partition, 55.)

To remedy this evil, in 1540 the statute of Henry VIII, chapter 1, was enacted, providing for the partition of estates of inheritance vested in joint tenants, or tenants in common, and the year following, by chapter 32, the provisions of the first act were extended so as to include estates for life or for years. The procedure provided by those acts was simplified by statutes 8 and 9 William III, chapter 31.

" At the close of the revolution, and in 1788, the above-mentioned English statutes were re-enacted. (2 Greenl. 13.) These statutes put the right to compel partition between tenants in common and joint tenants upon the same footing as co-parceners." (Willard's Eq. Juris. 699, 700 ; Kent's Comm. [6th ed.] 364.)

The inadequacy and inefficiency of the statutory remedies led Courts of Chancery to assume jurisdiction in partition. (17 Am. & Eng. Ency. of Law, 679; Story's Equity Juris. § 651.)

An investigation of the subsequent development of the subject of partition fully bears out the statement in 11 American and English Encyclopædia of Law, 1144, in which the matter is accurately summed up as follows: "Through the medium of equity and by means of statutory enactment, the right to have partition made has become an incident to ownership in joint tenancy and tenancy in common in all of the United States and in England."

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., concurred.

Judgment affirmed, with costs.