The complainant and defendant are husband and wife, living in Atlantic City, New Jersey.
The testimony indicates the defendant to be well versed in the hotel business; that while he is able to operate a hotel in an apparently successful manner, he had not, prior to the present venture, been able to conduct his business in a manner to show financial success.
The wife is an active and energetic woman with the ability to save money, and appears to have considerable financial standing. *Page 177 
They first became associated after he had failed in the conduct of the Hotel Lexington, in Atlantic City, and the creditors, or some of them, were operating the hotel with him as manager, and with her as cashier and auditor. Apparently, she was placed there as a check over or upon him.
They afterwards became connected, to some extent at least, in the operation of another hotel. The testimony showed that even before their marriage she had loaned him money. They were married September 10th, 1918.
Some time in the fall of 1919, an agreement was entered into between one Charles B. Prettyman and the complainant and defendant, wherein Prettyman agreed to convey to them a hotel in Atlantic City known as the Princess. This agreement resulted in a conveyance by Prettyman and wife to Paul C. Rosencrans and Rae Scull Rosencrans, his wife, of said hotel property, together with certain furnishings therein contained. This deed was dated December 1st, 1919, and recorded in the clerk's office of Atlantic county, in book No. 621 of deeds, page 14, c.
The bill further alleges that the defendant is in actual control of said premises (with the exception of one bedroom occupied by the complainant), and that he is conducting therein the hotel business, and excludes "complainant from the use, enjoyment, rents, issues, profits or usufruct thereof," and refuses "to pay complainant any sum of money as the proceeds of said business, or as the rental value of her one-half interest in said premises," and prays:
1. For an accounting of all rents he has received.
2. For the rental value of the premises.
3. That a receiver be appointed.
4. That he be decreed to pay complainant amount found to be due.
The answer alleges that the property was purchased by the defendant, that he borrowed of the complainant approximately $8,000, and the title was taken in the joint names as security to her for the said loan, and that the complainant agreed to release same upon the payment of the amount loaned, and prays: *Page 178 
1. That it be decreed that the only right, title or interest the complainant has is as a mortgage.
2. That an accounting be taken, and complainant, upon the payment of amount found to be due, be required to execute a quit-claim deed; and in an amended answer further prays that it be decreed that a resulting trust arose in favor of defendant.
"The rule in this state is well settled, that where a husband procures real estate to be conveyed to his wife, he paying the consideration, a presumption arises that he intends to settle the property on her, and while such presumption may be rebutted, the proof offered to accomplish it must be certain, definite, reliable and convincing, leaving no reasonable doubt of the intention of the parties." McGee v. McGee, 81 N.J. Eq. 190,
and cases therein cited (at p. 194), and surely this rule is not weakened by the wife furnishing a portion of the consideration.
The conveyance of the premises to the husband and wife endowed the wife with the capacity during their joint lives to hold in her possession, as a single female, one-half the estate in common with her husband, the right of survivorship subsisting as at common law. Buttlar v. Rosenblath, 42 N.J. Eq. 651; Vunk v.Raritan River Railroad Co., 56 N.J. Law 395.
In Hood v. Hood, 83 N.J. Eq. 695, the court of errors and appeals affirmed a decree appealed from, for the reasons stated by Vice-Chancellor Stevens, who said: "The evidence of a resulting trust is to be found only in the assertions and evidence of Mr. Hood, denied by his wife * * *. It being necessary to overcome the presumption of an advancement by evidence `certain, definite and convincing.'" I cannot say that such evidence has been produced.
I would have little, if any, difficulty in this matter were it not for the testimony of the complainant herself.
While the reading of these excerpts from her testimony might seem to indicate that the complainant was testifying directly in variance with her claims, still, I am convinced by the testimony, the manner of the witnesses on the stand, *Page 179 
and by the large amount of documentary evidence, that this money was advanced by the complainant as a part of the purchase-money of the property, and that title was intended to be taken by them as joint tenants.
A decree will be so advised.