MARY JUREWICZ *vs.* GEORGE JUREWICZ.

Essex.   December 7, 1944. — January 4, 1945.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Fraud. Equity Jurisdiction,* Rescission. *Equity Pleading and Practice,*
Decree.

Evidence reported in a suit in equity did not show to be plainly wrong
findings by the trial judge that a husband defrauded his wife when,
having obtained from her money toward the purchase of real estate
by representing to her that title would be taken in her name alone,
he, without her knowledge or consent, took title by a deed creating a
tenancy by the entirety.

In a suit in equity by a wife against her husband to rescind a transaction whereby he fraudulently obtained money from her for the purchase of real estate and she received, instead of sole title thereto, an interest as a tenant by the entirety, the decree should have provided that repayment of the money to the plaintiff should be on condition that she execute such conveyance as might be necessary to transfer her interest in the real estate to the defendant, and should order the defendant to join in such conveyance.

BILL IN EQUITY, filed in the Superior Court on November 3, 1943.

The case was heard by *Baker,* J.

In this court the case was submitted on briefs.

*M. A. Cregg,* for the defendant.

*F. C. Zacharer,* for the plaintiff.

WILKINS, J.  The plaintiff is the wife of the defendant. The bill of complaint alleges that on or about May 23, 1932, the defendant, desiring to purchase for $5,500 certain real estate at 97 North Street, Methuen, fraudulently obtained from the plaintiff $1,800 toward the purchase price; that he represented that title would be taken solely in her name; and that "intending and contriving to defraud and to cheat the said plaintiff of her savings" he took title instead in the names of the plaintiff and the defendant, who were described in the deed as "husband and wife . . . as joint tenants and not as tenants in common." There was a prayer for an order for the repayment of $1,800 and interest. The trial judge in "findings and order for decree" found in substance that the facts were in accordance with the above summary of the allegations of the bill of complaint except that the amount obtained by fraud was only $1,000. A final decree was entered ordering the defendant to pay the plaintiff this sum with interest from May 23, 1932. The defendant alone appealed, and the case is here with a report of the testimony.

It is our duty to examine the testimony and reach our own conclusions upon it, accepting the findings of the trial judge which are based upon the credibility of oral evidence and are not plainly wrong, but drawing our own inferences from facts admitted or found, whatever may have been those drawn by the trial judge. *Malone* v.

*Walsh,* 315 Mass. 484, 490. *New England Trust Co.* v. *Commissioner of Corporations & Taxation,* 315 Mass. 639, 643–644. *Cooperstein* v. *Bogas, ante,* 341, 345.

The deed as actually delivered conveyed a tenancy by the entirety. *Franz* v. *Franz,* 308 Mass. 262. If title was so taken through fraud of the husband, equity may give relief. *Powell* v. *Powell,* 260 Mass. 505, 508. *Cram* v. *Cram,* 262 Mass. 509, 513. *Charney* v. *Charney,* 316 Mass. 580, 582–583.

1. The defendant attacks numerous findings of the trial judge as being plainly wrong. While the material evidence is meager, we are unable to reach the conclusion that any finding was plainly wrong. Certain of the findings do not need to be considered, as it is unquestioned that the plaintiff paid the $1,000. It is immaterial whether the defendant was in need of this sum, or whether it was at his request that the money was withdrawn from a bank, or whether the parties were at home or in a lawyer's office when the money was paid. The fundamental fact is that the plaintiff from her own funds paid this sum toward the purchase price. The finding to this effect is amply supported by the evidence. The findings that "the plaintiff was illiterate, being scarce [*sic*] able to recognize her own name," and that "the defendant was somewhat further developed in 'this regard," rest peculiarly upon the observation of the parties as witnesses, and there was also some direct testimony in these respects. Whether the plaintiff was "inexperienced in real estate transactions" or whether "the defendant previously had experience in buying real estate" does not affect the basic issue. The vital findings are: The "plaintiff paid the $1,000 toward the purchase price with the intention, and because she believed, that the real estate then being purchased would stand in her name only as the sole owner. . . . [At] the first interview between the parties to this action which preceded the transaction, their attorney was told that the plaintiff was to be named in the deed as the grantee. . . . [When] the proposed deed drawn by the grantor's attorney was brought to the law office where the transaction

was consummated, 'the grantee' space therein was blank;
. . . as a result of conversation which then took place, in
which the defendant took part and the plaintiff did not,
the names of both the plaintiff and the defendant were
written in the deed . . . 'as joint tenants and not as ten-
ants in common.' . . . [The] plaintiff was ignorant of what
occurred and did not know or understand that she and the
defendant were grantees as 'joint tenants' and did not
know the defendant was named as a grantee in any man-
ner. . . . [The] $1,000 which was paid by the plaintiff
when the deed was passed was improperly obtained from
her by taking advantage of her ignorance and inability
to read and failure to understand what actually had been
done. . . . [When] the plaintiff paid over the $1,000 to
her husband . . . she thought a deed was being received
in which she was the sole grantee and . . . did not intend
to receive a deed to the property in which the defendant
was part owner, or in which he had any beneficial interests
paramount to those possessed by her."

There was testimony from the plaintiff, disputed by
the defendant, that, following an oral agreement to buy
from the owner, the parties went to the office of their at-
torney, now deceased, at which time the defendant asked
the attorney to examine the title, and said, "I take from
my wife $1,000 and I want to make deed on her name."
On cross-examination she was asked, "And do you re-
member that you and your husband said it was to be made
out jointly?" to which she answered, "No, he said, 'Just
my wife.'" She was further asked, "You yourself said
that it was to be jointly?" and her answer was, "No, I
didn't say nothing, just my husband." She further testified
that three or four days later, when the deed was delivered,
her husband and she, the seller and her husband, the sel-
ler's attorney, and the real estate broker met with the
same attorney as before in his office, and that the seller's
attorney brought the deed all made out except for the
signature of the seller and her husband, who signed at
that time. On cross-examination she testified that she
remembered that the attorney for the seller asked her

husband and herself how the deed was to be made out, but that she did not see what the stenographer wrote in. This last had reference to the fact that the name of the grantee had been left blank. She further testified, "I didn't see whose name is here, just my husband tell me it is my name." Without recounting the evidence in further detail, we cannot say that the trial judge was plainly wrong in believing the plaintiff notwithstanding that the testimony of the defendant and testimony which it was agreed the attorney for the seller, if called, would have given were otherwise, and notwithstanding that the plaintiff in describing the purchase said "we" bought, that the plaintiff testified that when the deed was returned from the registry of deeds, her husband said, "That is our deed — your deed," or that the plaintiff on cross-examination testified that some years later she consulted an attorney to try to "get my half of the property." The judge could accept the plaintiff's testimony that she saw only her name on the envelope containing the deed, and he could give due weight, based on his observation of the parties, to the fact that they each spoke broken English and could consider to what extent they each might understand what was said to them either inside or outside the court room. The judge's findings do not implicate either attorney in any fraud. The seller's attorney was not present on the occasion of the first conversation, and the attorney for the parties to this suit might have believed that there had been some change in the way title was to be taken. The fact that the defendant, who was living in the house with the plaintiff much of the time, paid the taxes does not compel any conclusions contrary to those of the trial judge. We have considered all the contentions of the defendant. Giving due weight to the basic findings based on contradictory testimony, we draw the same inference as did the trial judge that the title was taken in the name of two grantees in fraud of the plaintiff.

2. The plaintiff was not guilty of laches. *Calkins* v. *Wire Hardware Co.* 267 Mass. 52, 69. *Norton* v. *Chioda, ante*, 446, 452.

3. The decree requires the defendant to return to the plaintiff her original consideration of $1,000 with interest but leaves undisturbed the legal title by which the plaintiff shares in a tenancy by the entirety. The plaintiff in rescinding the transaction as voidable for fraud must give up all she received under it. *Snow* v. *Alley*, 144 Mass. 546, 551. *Parker* v. *Simpson*, 180 Mass. 334, 343. *O'Shea* v. *Vaughn*, 201 Mass. 412, 422. *Colil* v. *Massachusetts Security Corp.* 247 Mass. 30. *Zintz* v. *Golub*, 260 Mass. 178, 180. *Fitch* v. *Ingalls*, 271 Mass. 121, 128. *Commissioner of Banks* v. *Chase Securities Corp.* 298 Mass. 285, 327. *Denenberg* v. *Jurad*, 300 Mass. 488, 491. Williston on Contracts (Rev. ed.) § 1529. Am. Law Inst. Restatement: Restitution, § 65. The "court has power to impose equitable conditions upon the relief granted." *Thomas* v. *Beals*, 154 Mass. 51, 55. *Solomon* v. *Kaufman*, 250 Mass. 276. Am. Law Inst. Restatement: Contracts, § 481. The decree should be modified by providing that the relief granted shall be on condition that the plaintiff execute such conveyance as shall be necessary to transfer to the defendant all her right, title, and interest in the real estate, and that the defendant be ordered to join in the said conveyance; and as so modified it is affirmed.

*So ordered.*