**Ethel K. WITZEL, Appellant**
**(Plaintiff below),**

**v.**

**Edith Bell WITZEL (also known as Edith B. Witzel) and Edith Bell Witzel, the Executrix of the Estate of Albert W. Witzel, deceased, Appellees (Defendants below),**

**and**

**Maurice W. Witzel and Una Witzel Watkins, Defendants below.**

**No. 3154.**

Supreme Court of Wyoming.

Oct. 29, 1963.

**104**

Edward S. Halsey and Halsey, Whitley, Hollaway & Liamos, Newcastle, Sheridan, Orr, Barnes, Duval & Benton, Ventura, Cal., for appellant.

Bluford H. Light, Downey, Cal., Jones & Dumbrill and Richard S. Dumbrill, Newcastle, for appellees.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

Plaintiff brought action to quiet her title to the entire estate in certain lands and to the surface estate only in other lands, claiming a deed to her former husband Albert W. Witzel and herself, while they were man and wife, created in them a joint tenancy with survivorship and that upon Albert's death she had succeeded to those entire estates. It was stipulated that defendants Maurice W. Witzel and Una Witzel Watkins, children of Albert and plaintiff, did not resist plaintiff's claim. Following trial without jury, the court construed the deed under which plaintiff claimed title as having created an estate by the entireties which became converted into a tenancy in common when Albert and plaintiff were divorced. Judgment was accordingly rendered denying plaintiff's claim and in favor of defendant Edith Bell Witzel, the widow of Albert. Plaintiff appeals.

The salient facts are as follows. In 1930, while Albert W. and Ethel K. Witzel were husband and wife, the critical portion of the deed granting them the lands in question was in the following language:

"* * * GRANT, BARGAIN, SELL, CONVEY AND CONFIRM, unto the said Parties of the Second part, ALBERT W. WITZEL and ETHEL K. WITZEL, husband and wife, as joint tenants, not as tenants in common and to their heirs and assigns forever, * * *."

Also, the habendum recited:

"TO HAVE AND TO HOLD the same to the said ALBERT W. WITZEL and ETHEL K. WITZEL, husband and wife, as joint tenants, not as tenants in common, their heirs and assigns forever; * * *."

In 1935, Albert and Ethel were divorced in California, the decree making no provision regarding property. In 1937, Albert married Edith Bell Witzel, who became his widow when he died in 1960, and who was named as sole devisee in his will.

In 1949, after their divorce, Albert and Ethel joined in a deed conveying the mineral rights in a portion of the lands in question unto a person named Hickey, who in turn conveyed to Maurice W. Witzel an undivided 37½ percent interest in those mineral rights; another undivided 37½ percent interest in the mineral rights to Una K. Watkins, both being children of Albert and Ethel, and to Edith, the second wife of Albert, the remaining undivided 25 percent interest in the mineral rights for her life only, with remainder to Una K. Watkins and Maurice W. Witzel, share and share alike.

 In this jurisdiction the answer to the dispute is not difficult because under prior decisions by this court, where the words used in a deed clearly designate the estate conveyed, there is no need to resort to rules of construction or to give judicial interpretation.

 Appellees, citing Annotation 161 A.L.R. 457, 471, III. 3, as authority, say the *majority* rule is that a conveyance to husband and wife as "joint tenants" creates a

tenancy by the entireties. We do not find that authority saying there is any majority rule. But 4 Thompson on Real Property, § 1787, p. 75, 1961 Replacement, says "under the *majority* rule a conveyance to a husband and wife as 'joint tenants' creates a joint tenancy, not a tenancy by the entireties" (Emphasis supplied.) (See Thornburg v. Wiggins, 135 Ind. 178, 34 N.E. 999, 1001, 22 L.R.A. 42, 41 Am.St.Rep. 422), and that it is the *minority* rule that a joint tenancy cannot exist between a husband and wife, only a tenancy by the entireties, 4 Thompson, supra, § 1785, at p. 61. An examination of Annotation 161 A.L.R. 457, shows most cases apparently favorable to appellee are from jurisdictions which have either ignored joint tenancies and survivorship as an incident to joint tenancy, abolished joint tenancies, modified the same, or have qualified the presumption that a conveyance to husband and wife creates an estate by the entirety by limiting that presumption to instances where there is nothing more in the deed or devise which indicates a contrary intention. We accept the presumption that a conveyance to husband and wife, without saying anything more, intends the creation of a tenancy by the entireties, but it must also be recognized that the addition of such words, "as joint tenants" overcomes that presumption.

Research indicates Connecticut ignores the doctrine of survivorship, Phelps v. Jepson, 1 Root 48, 1 Am.Dec. 33; Whittlesey v. Fuller, 11 Conn. 337; Allen v. Almy, 87 Conn. 517, 89 A. 205; as has Georgia in Nash v. Martin, 90 Ga.App. 235, 82 S.E.2d 658, and Michigan in Hoyt v. Winstanley, 221 Mich. 515, 191 N.W. 213. Pennsylvania abolished survivorship as an incident to joint tenancy although conceding there was no legal restriction to otherwise provide survivorship by agreement, by will, or by deed. See Montgomery v. Keystone Savings & Loan Ass'n, 150 Pa.Super. 577, 29 A.2d 203, 204. And Washington in Holohan v. Melville, 41 Wash.2d 380, 249 P.2d 777, 255 P.2d 899, said survivorship may be created by contract. The State of Maine, in

Appeal of Garland, 126 Me. 84, 136 A. 459, certiorari denied 274 U.S. 759, 47 S.Ct. 769, 71 L.Ed. 1338; Maryland in Williams v. Dovell, 202 Md. 351, 96 A.2d 484; Massachusetts in Cross v. Cross, 324 Mass. 186, 85 N.E.2d 325; New York In re Blumenthal's Estate, 236 N.Y. 448, 141 N.E. 911, 30 A.L.R. 901; and South Carolina in Free v. Sandifer, 131 S.C. 232, 126 S.E. 521, looked with disfavor on joint tenancy, and still other states rule out joint tenancy unless expressly declared in the grant or devise. See 4 Thompson, supra, § 1775, at p. 11; and Hill v. Breeden, 53 Wyo. 125, 79 P.2d 482. If we have not misread their decisions, Alabama, Arkansas, Iowa, Kansas, Kentucky, Massachusetts, Michigan, New Hampshire, New Jersey, New Mexico, North Carolina, Ohio, Pennsylvania, Rhode Island, and South Dakota have either abolished survivorship as incident to joint tenancy or have abolished or otherwise modified joint tenancy. 4 Thompson, supra, § 1782, at p. 36. The same seems now to be true of New York, although in the early case of Cloos v. Cloos, 55 Hun 450, 8 N.Y.S. 660, 24 Abb.N.C. 219, 29 N.Y.St.Rep. 200, a conveyance to husband and wife " 'as joint tenants, and not as tenants in common,' " to them and ".'their heirs and assigns, forever' " (the exact words used in the deed before us) was held to make husband and wife joint tenants and not tenants by the entireties. Decisions from the named states, with the exception of New York, are not therefore helpful because in those jurisdictions survivorship in joint tenancy was either abolished or joint tenancy was in some fashion modified or even abolished; whereas, in Wyoming the incidence of survivorship has not been abolished nor has joint tenancy been abrogated or modified. Wambeke v. Hopkin, Wyo., 372 P.2d 470, 475, and see Hundley v. Neely, Wyo., 365 P.2d 196.

It might be added that Walker v. Grogan, D.C.Mich., 283 F. 530; Thornburg v. Wiggins, supra; Case v. Owen, 139 Ind. 22, 38 N.E. 395; Wilken v. Young, 144 Ind. 1, 41 N.E. 68, 590, 55 Am.St.Rep. 162; Hannan

v. Towers, 3 Harr. & J. 147, 5 Am.Dec. 427; Fladung v. Rose, 58 Md. 13; Sanderson v. Everson, 93 Neb. 606, 141 N.W. 1025; Rosecrans v. Rosecrans, 99 N.J.Eq. 176, 132 A. 100; Taylor v. Lowencamp, 104 N.J.Eq. 302, 145 A. 329; Jooss v. Fey, 129 N.Y. 17, 29 N.E. 136; Wurz v. Wurz, Sup., 15 N.Y. S. 720, 27 Abb.N.C. 58; Van Ausdall v. Van Ausdall, 48 R.I. 106, 135 A. 850; Coffman v. Coffman, 108 W.Va. 285, 150 S.E. 744; and Edwards v. Edwards, 117 W.Va. 505, 185 S.E. 904, although early cases, directly held an estate to husband and wife in joint tenancy created a joint tenancy and not a tenancy by the entirety. In considering the holdings of other jurisdictions, it should be kept in mind that a major portion which hold conveyances "to husband and wife as joint tenants" creates estates by the entireties are jurisdictions which either regard joint tenancies with disfavor, have modified them, have abolished their survivorship, or have abolished joint tenancies altogether. This leaves those cases of little if any assistance.

It might be noted that although Montana at one time abolished joint tenancies with right of survivorship, the same was later restored, and in Hennigh v. Hennigh, 131 Mont. 372, 309 P.2d 1022, the court there said the use of the words "joint tenants" created a joint tenancy although the words "heirs and assigns" were also used.

█ This court is aware that not infrequently it has been said the use of the same words of a conveyance which makes two other persons joint tenants will make a husband and wife tenants by the entireties. See Annotation 161 A.L.R. 457, 463, which lists 17 states where that statement has been made. It is true that although a conveyance to a man and woman with right of survivorship would create in them a joint tenancy if they were not married, if they were husband and wife at the date of the conveyance, an estate by the entirety would be created. But the rule does not go further than that. Where the conveyance uses additional words indicating the grantor's intention to create a particular estate in the grantees, such as "joint tenancy," the estate conveyed will be that named in the deed, notwithstanding the grantees are husband and wife. 4 Thompson, supra, § 1787, citing ample authority says at page 68, "a husband and wife can take title to property in a manner other than as tenants by the entireties." In § 1785, at page 60, "husband and wife can * * * hold as joint tenants and not as tenants by the entireties if the language of the instrument so provides." In § 1787, at page 69, "Although a conveyance to a husband and wife is construed whenever possible, as creating a tenancy by the entirety, yet a husband and wife may hold real estate in simple joint tenancy," and finally, in § 1787, at page 74:

> "A joint tenancy is created between the husband and wife when the estate is so limited by the terms of the conveyance. Thus a conveyance to them 'in joint tenancy,' or 'as joint tenants,' creates such a tenancy. To create a joint tenancy in them it is only necessary that it should plainly appear that the intent of the grantor as shown by the terms of his deed was to convey a joint estate, and not that peculiar estate which results from the unity of husband and wife, the estate by the entirety. * * *"

█ Also, 14 Am.Jur., Cotenancy, § 13, pp. 85–86, speaking of the right to create a joint tenancy in husband and wife, says:

> "* * * If such an intention appears, however, the courts are bound to give it effect; they have no right to deprive the parties of their right to convey property in such manner as they may desire under the law. Thus, where an estate is granted to two or more persons jointly, the grant must be construed as one in joint tenancy, as otherwise the word 'jointly' would be given no effect. * * *"

In id., § 11, p. 83, "The use of the term 'joint tenants,' if employed understandingly, is very persuasive that the tenants hold jointly." It cannot sensibly be said that the words "joint tenancy" are the *same* words as "tenancy by the entirety." Certainly, a

layman would not so understand, any more than he would understand the word "mule" would mean "horse." 26 Am.Jur., Husband and Wife, § 66, p. 692, points out that an estate by the entireties is clearly distinguishable from a joint tenancy because a joint tenant may convey his interest to another without consent of the other, thus converting the joint tenancy into one in common, while neither tenant by the entirety may convey his or her interest without the consent of the other.

■ Appellees make several appropriate observations, although when properly applied to the case before us they result adversely to their contention. Their brief says, "People generally do not understand the fine points of law," and "much conveyancing is done by persons not legally trained." We agree, but this inclines us to conclude that the words used in the deed were intended to mean that which was a layman's understanding of them—not the artificial deductions, fictions, and legalistic interpretations given them by some courts but which are entirely unsuited to serve the purpose and carry out the intention of the laymen who use them. Furthermore, if, as the record seems to indicate, the subject deed was prepared by a person learned in the law, it might fairly be assumed he sufficiently advised the parties to the deed of the meaning of "joint tenancy." Free from artificial deductions and legal fiction, husband and wife are distinct individuals, hence, when lands are granted to them as joint tenants rather than as tenants by the entireties, they take as joint tenants, just as other distinct persons do. See Davidson v. Eubanks, 354 Mo. 301, 189 S.W.2d 295, 161 A.L.R. 450, where that conclusion is reached. Appellees' criticism that this case is distinguishable from the present one, because the pronouncement was made with reference to a deed conveying tenancy in common, is of no force as the principle involved is identical.

■ Strangely, appellees' counsel acknowledge that the very cases cited to uphold appellees' position, "can be differen-

tiated on factual grounds from the case at bar." Again we agree, but this only serves to lessen the persuasiveness of those cases. Counsel also correctly say, "A rule of construction in interpreting any instrument is that the Court should try to give effect to every word stated therein." This is sound, but applying the rule to the present case will not permit overlooking the words "as joint tenants" which twice appear in the deed, nor will it justify giving to them a different translation than that which was within the knowledge and understanding of those who used them, by decreeing the words "as joint tenants" really mean "tenancy by the entireties." Neither may it justly be said that to give the words "as joint tenants" their plain and ordinary meaning, is to disregard the words "husband and wife." The very authorities cited by appellees concede that husband and wife may hold in joint tenancy, even in jurisdictions which regard joint tenancy with disfavor as well as in those where joint tenancy is held not to exist. Thornburg v. Wiggins, supra; Edge v. Barrow, 316 Mass. 104, 55 N.E.2d 5; Jurewicz v. Jurewicz, 317 Mass. 512, 58 N.E.2d 832; Kilgore v. Parrott, 197 Okl. 77, 168 P.2d 886; 4 Thompson, supra, § 1775, at p. 11; id., § 1787, at p. 69.

But there are further reasons for holding that the questioned deed conveyed an estate in joint tenancy. While, as a general rule, the intention of the parties to a deed must be ascertained from its words and terms, if it is thought they leave the intention in doubt, resort may be had to the practical construction placed upon the deed by the parties after its execution but before controversy arises. Smith v. Smith, 249 N.C. 669, 107 S.E.2d 530, 534–535.

On July 20, 1946, after the grantees were divorced but before any dispute arose as to the character of the estate created by the deed, an oil and gas lease was signed and executed by both Albert and Ethel, in which they described themselves, "formerly husband and wife, as joint tenants." On June 9, 1951, after the divorce and before controversy, Albert signed and executed a

waiver and extension of the July 20, 1946, lease, naming himself as "one of the Lessors in joint tenancy," and on June 11, 1951, Ethel signed and executed a similar instrument, naming herself in the same identical words as had Albert. Each of these recitals, made long after the execution of the deed by which the parties took title and long after they had been divorced but also long before any dispute arose as to the nature of the estate held by them, gave positive evidence, which may not be disregarded, that both Albert and Ethel understood and believed they held their title to the lands in joint tenancy. If more was needed to show their intention, understanding, and purpose in having the property transferred to them in joint tenancy rather than in an estate by entireties, a letter written by Albert to a lease broker on March 15, 1955, should have erased any doubt. In that letter Albert said, "Ethel K. Witzel and I own as joint tenants, but *not* as man and wife." (Emphasis supplied.) Thus Albert himself placed beyond legitimate doubt that it was intended the deed should create in Ethel and himself an estate in joint tenancy and that he still believed and understood that, notwithstanding he and Ethel were divorced, the estate by which they each remained possessed after the divorce continued to be held in joint tenancy and not by the entireties nor in any converted estate of tenancy in common.

Finally, this court has not been silent on the law applicable to the issues here. In the early case of Balch v. Arnold, 9 Wyo. 17, 29, 59 P. 434, 436, although it deals with a different question of title taken by deed, the court said:

"* * * The rule in such cases is that the intention of the parties is to be ascertained by considering all the provisions of the deed, as well as the situation of the parties, and then to give effect of such intention, if practicable. 2 Devl. Deeds, § 836. If, upon such consideration, it appears that the intention of the parties was to convey the fee simple or *any definite estate* in the land, effect will be given to such intention, , * * *." (Emphasis supplied.)

Also, in the last portion of the same paragraph, the court quoted from Van Rensselaer v. Kearney, 11 How. 297, 322, 52 U.S. 313, 339, 13 L.Ed. 703, saying, " 'And, therefore, if the deed bears on its face evidence that the grantors intended to convey, and the grantee expected to become invested with, an estate of a particular description or quality, and that the bargain had proceeded upon that footing between the parties,' " that will be binding.

The recent decision in Forbes v. Volk, Wyo., 358 P.2d 942, 945, even more directly said:

"* * * A deed is presumed to be what it purports to be. When it is sufficient to vest title and is executed and delivered, the law presumes an intent to pass title in accordance with its terms, and the burden rests on the one who avers a different intention. * *"

In Nussbacher v. Manderfeld, 64 Wyo. 55, 186 P.2d 548, 550, reformation of a deed was sought which conveyed land to married persons, "as 'husband and wife as joint tenants with the right of survivorship and not as tenants in common,' " by having deleted therefrom the words " 'as joint tenants with the right of survivorship and not,' " thus making the grant read, "as husband and wife as tenants in common." The trial court denied the reformation finding "That the aforesaid conveyances to Peter Nussbacher and Margaret Nussbacher, 'as husband and wife, as joint tenants with right of survivorship, and not as tenants in common,' created in the said Peter Nussbacher and the said Margaret Nussbacher a joint tenancy in said land." On Appeal, this court affirmed. Although the direct issue there was whether the deed conveyed an estate in joint tenancy or a tenancy in common, rather than whether a joint tenancy or an estate by the entireties was created, the case is not without value in considering the present matter. The wording of the grant in both cases is substan-

tially identical. The absence in the Witzel deed of the words, "with right of survivorship," is immaterial, as a conveyance in joint tenancy carries with it survivorship as an incident thereto. It is illogical to assume the trial court in Nussbacher was unaware of Peters v. Dona, 49 Wyo. 306, 54 P.2d 817, decided eleven years earlier, which held that conveyance to persons who were at the time husband and wife, without anything more showing intent to create a different estate, would create an estate by the entireties. Also, the affirming opinion of this court plainly showed it had tenancies by the entirety in mind when it said, 64 Wyo. at pages 73-74, and 186 P.2d at page 555:

> "The opinion in the case of Dimock v. Corwin, 2 Cir., 99 F.2d 799, 801, somewhat more in detail uses this language: "'Joint tenancies at common law and tenancies by the entirety have one marked similarity—it is the incident of the right of survivorship. Such right is the immediate consequence of the peculiar mode in which joint tenants are seized, that is, of the whole jointly but of nothing separately. The difference between the two classes of tenancies is the right which exists in a joint tenant, and not in a tenant by the entirety, to sever the tenancy by his sole act as an inter vivos transaction, and thus destroy the right of survivorship. Unless a joint tenancy be severed during the lives of the joint tenants, the right of survivorship persists, and upon the death of one of the joint tenants, the survivor takes the whole estate. Neither joint tenant can dispose of any interest in the property by will and defeat the right of survivorship of the whole.'"

Although the trial court has erroneously construed the deed in the present case as creating a tenancy by the entireties which converted to a tenancy in common upon the divorce of Albert and Ethel, it affirmatively found the deed should not be reformed. Thus the matter comes to this court for decision as a conclusion of law, whether the deed, as written, conveyed to Albert and Ethel an estate in joint tenancy or as an estate by the entireties, converted by divorce into a tenancy in common. As indicated hereinabove, we disagree with the learned court below, and hold the deed meant what the words used said, that is, that the estate conveyed was in joint tenancy and not an estate by the entireties, and that the joint tenancy remained unchanged after divorce. Therefore, as Albert did not dispose of his moiety during his lifetime, Albert could not dispose of it by devise. In consequence, Ethel, as the survivor of the two joint tenants, became the owner of the entire title to the estate by survivorship as claimed in her petition. The decision of the district court is reversed and remanded with direction to vacate its judgment of August 29, 1962, entered therein August 30, 1962, and to enter judgment to accord with the views herein expressed.

Reversed and remanded with directions.