DRESSLER v. MULHERN et al.

(Supreme Court, Special Term, Queens County. August 2, 1912.)

1. HUSBAND AND WIFE (§ 47*)—TENANCY BY THE ENTIRETY—DEED.
    A deed, which purported to convey to the grantor's wife an undivided half of certain premises, and provided that the whole premises should be held by them as tenants by the entirety, not being a deed from a third party, was ineffectual to create such tenancy.
    [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 232–241; Dec. Dig. § 47.*]

2. HUSBAND AND WIFE (§ 47*)—JOINT TENANCY—CREATION—DEED.
    There being an absence of the unities of time and title, such deed did not create a joint tenancy.
    [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 232–241; Dec. Dig. § 47.*]

3. REFORMATION OF INSTRUMENTS (§ 19*)—INTENT OF PARTIES TO DEED—MISTAKE.
    A deed cannot be reformed so as to add thereto another grantee on the ground that one of the purchasers was omitted by mistake, where the deed as made was in accordance with the intent of the grantors.
    [Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 74–78; Dec. Dig. § 19.*]

4. TRUSTS (§ 81*)—RESULTING TRUST—HUSBAND AND WIFE.
    A transaction, whereby property purchased with the wife's money was deeded to the husband alone, when it was their intention that it should be deeded to them as tenants by the entirety, constituted him a trustee of a resulting trust for her benefit, at least in one-half of the premises during their joint lives with the right of survivorship.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 193; Dec. Dig. § 81.*]

5. HUSBAND AND WIFE (§ 47*)—CONVEYANCES TO—MISTAKE—EFFECT.
    Where a grantor, who held a half interest in land as trustee for his wife's benefit, made an ineffectual attempt to convey her interest to her by a deed providing that the whole of the premises should be held by them as tenants by the entirety, the effect was to constitute them tenants in common of the legal estate; and the legal estate in an undivided half interest of the premises descended to the husband's heirs, subject to the wife's dower right.
    [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 232–241; Dec. Dig. § 47.*]

6. REFORMATION OF INSTRUMENTS (§ 47*)—RELIEF.
    In an action to reform deeds so as to vest title to the premises in plaintiff as surviving tenant by the entirety, it was permissible to de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

clare a constructive trust and order a conveyance pursuant thereto; such relief differing only in form from that demanded.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 195–198; Dec. Dig. § 47.*]

7. INFANTS (§ 114*)—JUDGMENT AGAINST—EXECUTION.

A judgment declaring a constructive trust and ordering a conveyance of land cannot, in the absence of a statute otherwise providing, be executed against infant defendants during their minority.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 323, 325; Dec. Dig. § 114.*]

Action by Mary J. Mulhern Dressler against Lillian V. Mulhern and others to reform conveyances. Decree for plaintiff. Settle decision and judgment on notice.

Edmund C. Viemeister, for plaintiff.

Clarence A. Drew, for defendant Lillian V. Mulhern and guardian ad litem for infant defendants.

BENEDICT, J. This is an action to reform certain deeds so as to vest title to certain premises in the plaintiff as surviving tenant by the entirety. The plaintiff was formerly the wife of Thomas Mulhern, deceased. During the coverture, Thomas Mulhern purchased with plaintiff's money certain real property from George C. Tilyou and wife. It is alleged that the intention was that the deed should run to plaintiff and her husband, and thus create a tenancy by the entirety, but that without the knowledge or consent of plaintiff her husband by mistake took a deed in his own name.

[1] Afterward the husband executed and delivered a deed to his wife purporting to convey to her an undivided moity or half part in the premises, and providing as follows:

"It is understood and agreed, however, that the whole of the above-described premises shall be held by the parties of the first and second part as tenants by the entirety."

This was, of course, ineffectual to create a tenancy by the entirety, since that form of tenancy arises only from a conveyance made by a third person to a husband and wife. 2 Reeves on Real Property, p. 976; Stelz v. Shreck, 128 N. Y. 263, 266, 28 N. E. 510, 13 L. R. A. 325, 26 Am. St. Rep. 475; Jackson v. McConnell, 19 Wend. 175, 178, 32 Am. Dec. 439.

[2] Nor could it operate to create them joint tenants because of the absence of the unities of time and title. 2 Reeves on Real Property, pp. 958, 959.

[3] The complaint does not contain appropriate allegations for the reformation of the deed from Tilyou and wife to the plaintiff's late husband; for it is not alleged that Tilyou and wife intended to make any conveyance different from the one they did make. There was very slight but wholly inconclusive evidence that Tilyou's agent was informed, before the conveyance, that the deed was to run to the husband and wife. Tilyou and wife are parties to this action, but have not interposed an answer. Under these circumstances, it does

not seem proper to reform the deed from Tilyou and wife to Thomas Mulhern, and no reformation of the deed from Mulhern to the plaintiff so as to create such a tenancy is possible.

[4] The plaintiff is not without remedy, however. The effect of the original transaction was to constitute her late husband trustee of a resulting trust for her benefit, if not in the whole premises, at least in one-half thereof during their joint lives with the right of survivorship, and his deed to her constituted an attempt, although abortive, to perform this trust.

[5] Its legal effect was, however, to constitute them tenants in common of the legal estate, and hence the legal estate in or legal title to an undivided one-half of the premises has descended to the husband's heirs at law, subject to the dower right of the plaintiff. But the intent of the parties to create a right of survivorship in the plaintiff is plain, and plaintiff not being a volunteer, but having parted with a valuable consideration, equity will aid her by raising a constructive trust for her benefit, on the principle that where parties have attempted to accomplish a certain result, but the appropriate legal means have not been used and the result intended can be reached by raising a trust, equity will do so in favor of one not a volunteer. This has been done in cases where property fronting on a street in which there is an elevated railroad has been conveyed, with an attempt to reserve the easements of light, air, and access appurtenant to the premises, or the right to recover damages for the invasion of such easements. In such cases it has been held that only the grantee could recover damages, but that he would be decreed to hold them in trust for the grantor. Pegram v. N. Y. Elevated R. R. Co., 147 N. Y. 135, 41 N. E. 424; Western Union Tel. Co. v. Shepard, 169 N. Y. 170, 62 N. E. 154, 58 L. R. A. 115; McKenna v. Brooklyn Union Elevated R. R. Co., 184 N. Y. 391, 77 N. E. 615. ·

[6] The plaintiff may therefore have a decree declaring that the defendants hold an undivided one-half of the premises in trust for plaintiff in fee, and directing each of them to convey to plaintiff the undivided interest held by such defendant.

I think this relief can be granted in this action, because it differs only in form from the relief demanded in the complaint, and does not depart therefrom in substance.

[7] Unless there is some provision of statute which permits the court in declaring a trust to appoint a referee to make a conveyance, or to direct a sale of the premises, the execution of the judgment to be entered hereon as against the infant defendants must await their coming of age. Sutphen v. Fowler, 9 Paige, 280.

Settle decision and judgment on notice.