Misc. 599]     Surrogate's Court, Oswego County, March, 1924.

than the amount of moneys so remaining in his hands, then the moneys so remaining or the balance, after the payment of such deficiency judgment, if any, be distributed to the next of kin, in accordance with the Statute of Distribution.

Decreed accordingly.

---

In the Matter of the Estate of CHARLES VOGELSANG, Deceased.

Surrogate's Court, Oswego County, February (Received March, 1924).

**Real property — conveyance of parcel by husband to himself and wife as tenants by the entirety — when surviving wife deemed owner of property at husband's death and not liable for his debts.**

Where the sole owner of real property conveyed it to himself and wife as tenants by the entirety and that was the condition of the title at his death, his surviving wife, under that title, is the owner of the property and it is not liable for his debts.

PROCEEDINGS for sale of real property of decedent to pay debts.

*Claude E. Guile*, for petitioner.

*F. G. Spencer*, for Matilda Vogelsang, surviving widow.

MILLER, S.   This is a proceeding instituted by the executor to sell the real estate of the decedent for the payment of his debts.

Charles Vogelsang died May 22, 1922, a resident of Fulton, N. Y. His will was admitted to probate in this court June 25, 1922, and letters testamentary were issued to James R. Somers, the executor named in the will of deceased.   At the time of his death, the decedent and his wife, Matilda Vogelsang, owned a piece of real property in the city of Fulton, N. Y., on Eighth street, which is alleged to be worth about $6,000, and on which there is some incumbrance. It consists of a modern house and about five acres of land on the outskirts of the city.

Prior to his death and in or about the month of October, 1917, Charles Vogelsang, who had been theretofore the sole owner of said real estate, transferred said property by deed to himself and Matilda Vogelsang, his wife, and recited in the deed that the grantees were to take as tenants by the entirety; that was the condition of the title at the time of his death.

It is the contention of the petitioner that this deed from Vogelsang to himself and wife constituted them tenants in common of the property, and by virtue thereof each owned an undivided one-half interest in the property.

It is the contention of the respondent, Matilda Vogelsang, that she is the sole owner of the property and that it is not liable for the debts of Charles Vogelsang.

Surrogate's Court, New York County, March, 1924.     [Vol. 122

Both petitioner and respondent cite *Matter of Klatzl*, 216 N. Y. 83, as sustaining their position.

While this case has always furnished a fertile subject for debate among attorneys, I am inclined to think the majority of the court in that case were of the opinion that a husband or wife can create a tenancy by the entirety by deeding directly from one to the other. See opinion of Bartlett, Ch. J. (p. 88), and dissenting opinion of Collin, J., in which Hiscock and Cardozo, JJ., concur (p. 89). In an opinion by Judge Andrews in *Matter of Lyon*, 233 N. Y. 208, in which all the court concur, *Matter of Klatzl, supra*, is cited as holding that a tenancy by the entirety was created in the *Klatzl* case.

If I have interpreted the effect of these two decisions in the Court of Appeals correctly, it follows that after the execution of the deed in question Charles Vogelsang and Matilda, his wife, while both were living, held the property as one owner under one title, and upon the death of the husband the wife was the owner under that title.

It follows that the property is not liable for the debts of Charles Vogelsang, deceased, and the petition for the sale of the property for that purpose must be dismissed.

Decreed accordingly.