Surrogate's Court, Columbia County, February, 1926. [Vol. 126

APPEAL by defendant Berman from an order of the Municipal Court, Borough of Manhattan, Second District.

*Harris Koppelman,* for the appellant.

PER CURIAM. The pleadings and affidavits disclose that an issue of fact was presented, namely, whether the plaintiff was an owner in due course or not. The defendant was, therefore, entitled to a trial of such issue and the court's disposition upon affidavits was unwarranted. On a motion of this character the function of the court is limited to ascertaining whether an issue is raised, and it has no right or authority to decide an issue of fact if existing. Judgment and order reversed, with ten dollars costs to appellant to abide the event.

All concur; present, BIJUR, DELEHANTY and WAGNER, JJ.

---

In the Matter of the Application for the Fixing of an Order on Taxable Transfers of Property of ARTHUR FARRAND, Deceased.

Surrogate's Court, Columbia County, February 23, 1926.

**Husband and wife — tenants by entirety — conveyance by husband to wife of one-half interest in real property — deed stated intent that parties should hold as tenants by entirety — deed construed as creating tenants by entirety — taxation — transfer tax — on death of husband entire property subject to transfer tax under Tax Law, § 220, subd. 7 (as amd. by Laws of 1922, chap. 430).**

A clause in a deed by which decedent conveyed to his wife a one-half interest in real property, reciting " it is the intent of the party of the first part by this instrument to create in himself and his said wife, a tenancy by the entirety and not tenancy in common," should be construed as creating a tenancy by the entirety and the property upon decedent's death became vested in his wife, she having survived him, and became subject to transfer tax under subdivision 7 of section 220 of the Tax Law (as amd. by Laws of 1922, chap. 430).

APPLICATION for order fixing transfer tax on transfer of real property.

*Chace Brothers,* for the moving party.

*Amasa P. Disher* [*Seth T. Cole* of counsel], for the State Tax Commission.

WHITBECK, S. On July 8, 1919, Arthur Farrand conveyed to his wife, Bertha W. Farrand, a one-half interest in certain real property situated in the county of Columbia and State of New York. Preceding the *habendum* clause in said deed is the paragraph: " It is the intent of the party of the first part by this

instrument to create in himself and his said wife, a tenancy by the entirety and not tenancy in common."

The question presented is as to the effect of such conveyance. While it was held in 1912 at Special Term that such a deed was ineffectual to create a tenancy by the entirety and only created a tenancy in common (*Dressler* v. *Mulhern,* 77 Misc. 476), yet since the decision in the *Klatzl* case in 1915 (*Matter of Klatzl,* 216 N. Y. 83) the more recent trend of judicial opinion appears to be toward holding such a deed to have created a tenancy by the entirety. (*Matter of Horler,* [1917] 180 App. Div. 608; *Matter of Vogelsang,* [1924] 122 Misc. 599.) It is to be regretted that the question involved cannot be more positively determined in the Court of Appeals.

But I am constrained to hold and do decide that the deed before me created a tenancy by the entirety in said Arthur Farrand and Bertha Farrand and that upon his·death on February 13, 1924, leaving him surviving his said wife, that she became the owner of said premises in fee.

Under the statute in effect both at the time of the making of the deed and at the time of decedent's death (Tax Law, § 220, subd. 7, added by Laws of 1915, chap. 664, as amd. by Laws of 1919, chap. 626, and Laws of 1922, chap. 430)* the transfer was taxable as though the whole property belonged absolutely to the deceased.

An order may be entered accordingly.

---

* Since amd. by Laws of 1924, chap. 177; now Tax Law, § 220, subd. 5, as amd. by Laws of 1925, chap. 143.— [REP.