MARGARET BOEHRINGER and Others, Plaintiffs, *v.* EDWIN SCHMID and Others, Defendants.

Supreme Court, Erie County, December 1, 1928.

*Frank C. Brendel,* for the plaintiffs.

*O'Connor, Newton & Doyle,* for the defendants.

HINKLEY, J. This is an action for partition of real property and squarely presents the following questions for determination:

Can a husband, seized in fee of real property, deed to himself and wife and thereby create in such husband and wife an estate by the entirety?

If not, is such a deed void or does it create a joint tenancy or tenancy in common?

The facts herein are without dispute. One Joseph Schmid and his wife, Theresia Schmid, became seized in 1886 as tenants by the entirety of the real property herein sought to be partitioned. The said Theresia Schmid thereafter died, and the fee vested in Joseph Schmid, who became the sole owner of the property. Joseph Schmid later remarried, on May 30, 1923, and executed, delivered and recorded on February 15, 1926, a warranty deed from himself to " Joseph Schmid and Bertha Schmid, his wife." Joseph Schmid died on April 15, 1927, leaving Bertha Schmid, his widow, who died on July 29, 1927.

. The plaintiffs, who are the lineal descendants of Joseph Schmid and his first wife, Theresia Schmid, claim an interest in the real property in question and seek its partition. The contesting defendants are lineal descendants of Joseph Schmid and his second wife, Bertha Schmid, and likewise devisees of Bertha Schmid, deceased.

Defendants maintain that the deed to Joseph Schmid and Bertha Schmid was valid and that plaintiffs have no interest in the property. Plaintiffs maintain that that deed was void and that Joseph Schmid died seized of the property in question, subject to the dower of his wife, Bertha Schmid, which dower was extinguished by her death.

Fortunate it is that the main question here presented is squarely before the court. It is to be hoped that this action may eventually reach the highest tribunal of the State. For many a careful lawyer today still employs the cumbersome, circuitous and more expensive method of deeding from a husband or wife through a trustee or third person in order to create a tenancy by the entirety.

The very careful and painstaking brief and argument of plaintiffs' counsel present his claim very clearly in two main arguments:

*First*, he contends that the deed of Joseph Schmid to himself and wife at best creates a tenancy in common, because it lacks the necessary elements of a joint tenancy, to wit, unity of title, interest, time and possession. This contention rests upon the erroneous premise that the original title or interest of the husband remained in him after the giving of his own deed, while the wife's title, coming to her by that deed, created a situation in which there did not exist a unity of title and time at least. On the contrary, the ownership, title and interest devolved upon both husband and wife as one person at the same time by virtue of his deed. The husband's original estate was lost in the newly created estate. Each was seized of a whole and not a separate part and there was,

therefore, unity of title, interest, time and possession. (*Hiles* v. *Fisher*, 144 N. Y. 306, 313.)

*Second,* plaintiffs' counsel further contends that an estate by the entirety is a common-law estate; that there can be no modification, extension or contraction of the common law, save by exact legislative enactment; that the statute which permitted a wife to deed to her husband, and *vice versa,* did not specifically permit a husband to deed to himself and wife.

Viewed in the abstract, apart from judicial decisions, there is force to that technically strict contention. But precedent is directly to the contrary. No one will question that a husband may deed to a trustee or third person, who may then deed to husband and wife and create a valid estate by the entirety. The reason, however, for the intervention of a trustee or third person lay in the common-law theory that a wife had no legal existence apart from her husband. " That theory has been overthrown by statute and the opposite theory substituted, so that there is no longer any necessity for a trustee." (*Winter* v. *Winter,* 191 N. Y. 462, 473.)

In *Matter of Klatzl* (216 N. Y. 83) it is clearly held by a majority of the court (Judges BARTLETT, CARDOZO, COLLIN and HISCOCK) that a deed by husband to himself and wife creates a valid tenancy by the entirety.

In *Matter of Lyon* (233 N. Y. 208) the court adopted much of the reasoning of the dissenting opinion of Judge COLLIN in the *Klatzl* case, and stated clearly the elements of an estate by the entirety. The lower courts have so interpreted the decisions of the upper court, and upon clear reasoning have followed the same trend. (*Matter of Horler,* 180 App. Div. 608; *Matter of Vogelsang,* 122 Misc. 599; *Matter of Farrand,* 126 id. 590.)

There is no doubt that in this instance the deed by Joseph Schmid to himself and wife expressed his clear intention to create in himself and wife a tenancy by the entirety, carrying with it the right to sole ownership in her upon his death. There is no necessity for the intervention of a trustee or third person, and there is no obstacle to the carrying out of the deceased grantor's clearly expressed and undisputed intention.

Judgment may be entered herein, dismissing plaintiffs' complaint, with costs.