JESSE E. AMES *vs.* ARTHUR H. CHANDLER & another.

Plymouth. November 15, 1928. — January 2, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Deed*, Construction. *Statute*, Construction. *Husband and Wife. Tenancy by the Entirety. Joint Tenants and Tenants in Common. Attachment.*

Neither G. L. c. 209, § 3, nor c. 184, § 8, permits a husband to convey his real estate directly to himself and his wife as tenants by the entirety.

A deed of real estate from a husband to himself and his wife "as joint tenants and not as tenants in common" could create neither a tenancy by the entirety nor a tenancy in common in the husband and wife, but contained apt words to create a joint tenancy in them, and should be so construed in order to give some effect to the act of the parties in making it.

After the recording of the deed above described, a writ of entry was brought in the Land Court against the husband and wife, the demandant claiming title to the land conveyed by the deed under an execution sale of all the right, title and interest of the husband in said land.

The judge in his decision ruled that no title was conveyed by the deed; and that the demandant was entitled to judgment and to rents and profits. It did not appear that the wife's occupation of the land was to the exclusion of the demandant or that she had held him out of his rights. *Held,* that

(1) Although the interest of the husband as a joint tenant could be taken on execution, and thereafter the demandant held title to the land as a tenant in common with the wife, she was not liable to the demandant for rent in the circumstances;

(2) The judge's decision was wrong and must be reversed.

WRIT OF ENTRY, filed in the Land Court on February 6, 1928, against Arthur H. Chandler and Glendora F. Chandler, alleged tenants.

The case was heard by *Corbett,* J. Material facts are stated in the opinion. The tenants' request for ruling numbered eight was as follows: "The deed of Arthur H. Chandler to himself and his wife as joint tenants operated to create a joint tenancy of the premises in Arthur H. Chandler and Glendora F. Chandler." The judge ruled that no title was conveyed by the deed; and that the demandant was entitled to judgment and to rents and profits. The tenants appealed.

*R. B. Heavens,* for the tenants.

*E. Field,* for the demandant.

RUGG, C.J. This is a writ of entry against defendants who are husband and wife. The tenant, Arthur H. Chandler, by duly recorded deed dated October 25, 1921, undertook to convey the demanded premises from himself as grantor to the tenants "Arthur H. Chandler and Glendora F. Chandler, husband and wife, as joint tenants and not as tenants in common." The demandant claims title under a sheriff's deed dated September 9, 1927, whereby were sold by proceedings on execution, regular in every particular according to law, all the right, title and interest which said Arthur H. Chandler on January 14, 1927, had in the demanded premises described in the deed first mentioned. No question of procedure has been raised and none is considered. We treat the case, as have the parties in their arguments, as raising for determination the nature of the estate, if any, conveyed by the first mentioned deed.

It is elementary that at common law a husband could not convey land directly to his wife. See *Thatcher* v. *Omans,* 3 Pick. 521, 527, 531, 532, 534. This common law has been modified by statute. It was provided by St. 1912, c. 304, now G. L. c. 209, § 3, in substance that conveyances of real estate other than mortgages between husband and wife shall, upon due record of deed thereof, be valid to the same extent as if they were sole. It further was provided by St. 1918, c. 93, now G. L. c. 184, § 8, that real "estate, including any interest therein, may be transferred by a person to himself jointly with another person in the same manner in which it might be transferred by him to another person."

The last mentioned statute does not permit a husband to convey a tenancy by the entirety in real estate to himself and his wife, because it is inherent in the conception of a tenancy by the entirety that the husband and wife are one person and not separate persons. That conception, implicit in the common law idea of a tenancy by the entirety, has continued without interruption to the present moment. See *Licker* v. *Gluskin,* *ante,* 403, this day decided, where the nature of a tenancy by the entirety is stated with ample citation of the authorities. Hence it would be a contradiction of terms to say that a husband could convey real estate to himself and his wife as tenants by the entirety under a statute authorizing such conveyance to himself and "another person." The wife in a tenancy by the entirety is not "another person," but the same indivisible legal entity with the husband. Both are seised of such an estate *per tout et non per my* as one person.

The statute first mentioned likewise does not authorize a husband to make conveyance to his wife of a tenancy by the entirety. It authorizes conveyances between husband and wife as if "they were sole." A tenancy by the entirety cannot exist between persons who are sole. It can exist only between those who are husband and wife. A statute authorizing conveyances between husband and wife as if "they were sole" cannot confer power to create an estate which exists and can exist only on the basic idea that they are not

sole but are one person. *Bernatavicius* v. *Bernatavicius*, 259 Mass. 486, and cases there collected.

Giving the utmost effect to the two cited statutes in combination, they do not enable a husband to convey an estate by the entirety to himself and his wife. The reasons already stated require this result. These statutes were not designed to abolish by indirection, or to enable the creation of, estates by the entirety. They have ample scope for their operation in enabling conveyances of the ordinary kind. The words of the statutes separately and in combination ought to be interpreted according to the common and approved usage of the language. *See* v. *Building Commissioner of Springfield*, 246 Mass. 340, 343. Attributing to them this meaning, they do not in our opinion authorize the conveyance by the husband to himself and his spouse of an estate by the entirety.

Doubtless under the cited statutes a husband might convey land to himself and his wife as tenants in common. The habendum in the deed here under consideration forbids that interpretation because it runs to the grantees by name, "husband and wife, as joint tenants and not as tenants in common." Therefore it cannot be construed as creating a tenancy in common. If this deed were from a third person to a husband and wife it would create a tenancy by the entirety although that characteristic word is not used. The reasons for that result are set out at length in *Hoag* v. *Hoag*, 213 Mass. 50, in a learned opinion by Mr. Justice Hammond. But, as already pointed out, it is impossible under the law to treat this deed running from the husband to himself and his wife, however worded, as creating a tenancy by the entirety.

The phrase of the habendum clause in the present deed, standing alone, apart from the relation of husband and wife, would create a joint tenancy. That is a well recognized form of tenancy. Commonly it exists between persons who are not husband and wife. It is recognized by G. L. c. 184, § 7. It must be created by apt words. *Nash* v. *Cutler*, 16 Pick. 491, 497. *Stimpson* v. *Batterman*, 5 Cush. 153, 155.

*Park* v. *Parker*, 216 Mass. 405, 406. It is an estate distinguishable from tenancy by the entirety in that it may be severed by act of one of the tenants at any time, whereas an estate by the entirety cannot be severed by act of either tenant during the life of the other. There may be other differences. Since this deed cannot be treated as creating either a tenancy by the entirety or a tenancy in common, the question is narrowed to the point whether it shall be treated as a nullity or as creating a simple joint tenancy. It cannot reasonably be thought that the parties intended to do a vain thing. They plainly intended to accomplish something; otherwise no deed would have been made. Words appropriate to create a joint tenancy were used.

"A cardinal rule in the interpretation of conveyances is that every deed should be so construed as to give effect to the intent of the parties, unless inconsistent with some rule of law or repugnant to the terms of the grant." *Simonds* v. *Simonds*, 199 Mass. 552, 554. *Bridge* v. *Wellington*, 1 Mass. 219. *Goodman* v. *Telfer*, 230 Mass. 157. *Eustace* v. *Dickey*, 240 Mass. 55, 72. *Bessey* v. *Ollman*, 242 Mass. 89, 91. *Erickson* v. *Ames*, 264 Mass. 436, 444. The only effect which under the law can possibly be given to the deed here involved is to construe it as creating a joint tenancy as distinguished from a tenancy by the entirety or a tenancy in common. The words of the habendum clause are precise and accurate to create a joint tenancy. Husband and wife may hold real estate as joint tenants, as distinguished from tenants in common or by the entirety, when the intention to that end is shown unmistakably by the instrument transferring the title. *Woodward* v. *Woodward*, 216 Mass. 1, 3, and cases there cited. *Hoag* v. *Hoag*, 213 Mass. 50, 53, and cases there cited. See for further collection of cases, 30 C. J. 559, note 77. See also *Matter of Klatz*, 216 N. Y. 83; *Lawton* v. *Lawton*, 48 R. I. 134. A deed with habendum to grantees as tenants by the entirety because mistakenly supposed to be husband and wife has been held to create a joint tenancy. *Morris* v. *McCarty*, 158 Mass. 11.

It follows from these principles that the deed of October 25, 1921, conveyed to the grantees therein named an estate in

joint tenancy. The tenants' request for ruling numbered eight was sound in law and ought to have been granted.

The right of Arthur H. Chandler as joint tenant was subject to attachment and levy. G. L. c. 236, § 1. After that right was taken on execution, the demandant held title thereto as tenant in common with Glendora F. Chandler. G. L. c. 236, § 12.

Upon the facts set out in the record she is not liable for rent to the demandant. It does not appear that her occupation was in exclusion of her cotenant or that she has held him out of his rights. *Badger* v. *Holmes*, 6 Gray, 118. *Giuggio* v. *Paoli*, 244 Mass. 279.

It follows that the decision of the Land Court was wrong and it is reversed.

*Decision reversed.*