332

MARIE CADGENE, PLAINTIFF, v. JACQUES CADGENE
ET AL., DEFENDANTS.

Decided November 2, 1939.

For the plaintiff, *Morrison, Lloyd & Morrison.*

For the defendants, *Evans, Smith & Evans.*

BARBOUR, S. C. C.   This is an action brought under the
Declaratory Judgment act (*R. S.* 2 :26-66, &c.), to determine
the rights of the parties in certain lands title to which was
formerly vested in Ernest Cadgene and by him attempted to
be conveyed to himself and his wife, Marie Cadgene, the plain-
tiff, by two deeds.

The earlier deed, dated September 17th, 1931, and recorded
in the Bergen county clerk's office in Book 1801 of Deeds, at
pages 221, &c., which deed will be hereinafter referred to as
deed "A," attempted to convey to himself and his wife title
to premises which had been theretofore acquired by him by
various deeds as follows:   1. Deed dated August 28th, 1919,
from Eunice Cornell Taylor and husband, recorded in said
clerk's office in Book 1030 of Deeds, at page 100, conveying
the first tract in deed "A;" 2. Deed dated August 28th, 1919,
from said Taylor and husband, recorded in said clerk's office
in Book 1030 of Deeds, at page 102, conveying the second
tract described in deed "A;" 3. Deed dated October 9th, 1923,
from Burns Lyman Smith and wife, recorded in said clerk's
office in Book 1235 of Deeds, at page 223, conveying the third
tract in deed "A;" 4. Deed December 23d, 1924, from Paul
Faurie and wife, recorded in said clerk's office in Book 1300
of Deeds, at page 656, conveying the fourth tract as described

in deed "A;" 5. Deed dated December 27th, 1924, from Edward H. Ranges and others, recorded in said clerk's office in Book 1308 of Deeds, at page 87, conveying the fifth tract in deed "A;" 6. Deed dated March 5th, 1925, from William J. Wunsch and wife, recorded in said clerk's office in Book 1320 of Deeds, at page 295, conveying the sixth tract as described in deed "A;" 7. Deed dated April 27th, 1925, from the estate of William Walter Phelps, recorded in said clerk's office in Book 1327 of Deeds, at page 33, conveying the seventh and eighth tracts in deed "A;" 8. Deed dated December 3d, 1928, from Susanna C. Headington and husband, recorded in said clerk's office in Book 1618 of Deeds, at page 453, conveying the first and second tracts of the ninth tracts in Deed "A." Part of the sixth, seventh and eighth tracts were conveyed by the said Ernest Cadgene and Marie Cadgene, his wife, to the State of New Jersey for highway purposes by deed bearing date December 16th, 1931, and recorded in said clerk's office in Book 1817 of Deeds, at page 24.

It is to be noted that deed "A" bears date the day following the date of conveyance to the State of New Jersey.

The later deed, dated March 8th, 1932, and recorded in said clerk's office in Book 1821 of Deeds, at pages 326, &c., which deed will hereinafter be referred to as deed "B," attempted to convey to himself and his wife title to premises which were acquired by him from the State of New Jersey (State Highway Department) by deed bearing date January 19th, 1932, but recorded in said clerk's office in Book 1821 of Deeds, at page 382, on March 14th, 1932, six days after the recording of deed "B."

The said Ernest Cadgene died intestate on February 4th, 1934, a resident of Bergen county, leaving him surviving, the plaintiff, Marie Cadgene, his widow, and five children, the defendants, as follows: Jacques Cadgene, his son, now of full age; Henri Cadgene, his son, now of full age; George Cadgene, his son, now an infant of the age of nineteen years; Simone Cadgene, his daughter, now an infant of the age of twelve years; and Maryvonne Cadgene, his daughter, now an infant of the age of ten years, as his only heirs-at-law and next of kin.

A guardian *ad litem* was duly appointed for the infant defendants.

The plaintiff alleges that upon the death of the said Ernest Cadgene, she became seized of title to the premises described in deed "A" and deed "B" in fee-simple, or, if it be construed that the such deeds did not convey to her husband and to herself estates by the entirety, that they conveyed to her the fee to said premises.

It is apparent that the said Ernest Cadgene intended to vest title to all of said premises in himself and his wife.

"A deed should be so construed as to give effect to the intention of the parties, if by law it may; and if the intention of the parties cannot be carried out in the way they intended, and the law will permit it to be carried out in another, that other should be adopted." *Havens* v. *Sea Shore Land Co.*, 47 *N. J. Eq.* 365; 20 *Atl. Rep.* 497.

Joint tenancies were abolished in this state unless expressly declared so to be as far back as 1812. *R. S.* 46:3-17. In *Thomas* v. *DeBaum*, 14 *N. J. Eq.* 37, Chancellor Green decided that such act did not extend to estates held by the husband and wife in entirety. This was cited with approval in our Court of Errors and Appeals in *Buttlar* v. *Rosenblath*, 42 *N. J. Eq.* 651 (at *p.* 654); 9 *Atl. Rep.* 695.

In *Grimminger* v. *Alderson*, 85 *N. J. Eq.* 425 (at *p.* 434); 96 *Atl. Rep.* 80, Vice-Chancellor Griffin, in considering a conveyance of realty by a husband to himself and his wife, said: "The gift had relation to substantially all the property he was possessed of, and resulted in vesting in the complainant and Frances, husband and wife, the lands in common, each holding one half during their joint lives, with survivorship as at common law." Citing *Buttlar* v. *Rosenblath, supra.*

It is apparent that the said Ernest Cadgene did not intend to divest himself of the incidents of ownership to the property in question but rather that he intended to vest in his wife the same incidents of ownership which she would have acquired had the conveyances in the first instance been to himself and his wife; that is, to vest in himself and his wife, title to said premises as tenants by the entirety, with most certainly the right of survivorship in his wife.

A conveyance to husband and wife has always been considered as vesting in them title as tenants by the entirety. "To constitute a tenancy in common between husband and wife, there must in the conveyance be an expression of an intention to do so." *Buttlar* v. *Rosenblath,* 42 *N. J. Eq.* 651 (at *p.* 655); 9 *Atl. Rep.* 695.

Joint tenancies no longer exist in the absence of express provision. *R. S.* 46:3-17, *supra.*

If, therefore, to constitute a tenancy in common between husband and wife there must be an expression of intention to do so, and if joint tenancies are not created in the absence of express intention, it would appear that a conveyance to husband and wife of necessity vests in them title as tenants by the entirety.

Referring to estates by the entirety resulting from a conveyance by a husband to himself and his wife, Chief Justice Bartlett, of the New York Court of Appeals, said:

"The creation of such an estate is permitted by law, and I see no reason why the husband could not convey to his wife such an estate as she would get by a similar deed to them from a third person, and at the same time reserve for himself the same rights he would have under such a deed." *In re Klatzl's Estate,* 216 *N. Y.* 83; 110 *N. E. Rep.* 181.

The Court of Appeals was divided in its opinion in that case, three members holding that an estate by the entirety was not created. Chief Judge Bartlett concurred in the result (the imposition of an inheritance tax on one-half of the estate) but dissented from the reasoning of Judge Seabury. Three members of the court also dissented from the views of Judge Seabury, and held that an estate by the entirety was created in an opinion written by Judge Collin and concurred in by Judges Hiscock and Cardozo. Therefore, while a majority of the court reversed the court below, there was in fact a majority which held the view that title vested in the survivor.

The reasoning of Judge Collin appears sound and the following is quoted therefrom:

"The common law ruled that a conveyance to two persons, who were then husband and wife, created and vested in them

an ownership as tenants by the entirety. The conveyance was treated as being to a unity and as creating an indivisible title or ownership. The rule was based on the doctrine of unity of person created by marriage. The overwhelming weight of judicial decision within the United States, amounting indeed almost to unanimity, is that the rule is not abrogated—tenancy by the entirety is not abolished—by the various statutes generally denominated the 'married woman's statutes.' * * * There is no statute which expressly or through legislative intention abolishes the title of tenancy by the entirety or annuls the common law rule. As already stated, the legislative removal of disabilities and restraints of the wife incident to the unity of person and the bestowal on her of capabilities have not disrupted the unity. The common law condition has been no further abrogated by the statutes than is to be understood from the unmistakable import of the language used in them. * * * Unity of person between a man and a woman is created by their marriage, and continues while they are husband wife. *Stelz* v. *Shreck,* 128 *N. Y.* 263; 28 *N. E. Rep.* 510; 13 *L. R. A.* 325; 26 *Am. St. Rep.* 475. A grant or devise to them of real estate creates an estate by the entirety, an estate held by them as one person under one title. The survivor, upon the death of the other, does not take a new acquisition, but holds under the original grant or devise, the estate being merely freed from participation by the other. There is no succession in or transfer of title. * * * When the conveyance here under consideration was executed, the grantees were husband and wife. A conveyance to them would vest in them an estate of tenancy by the entirety, unless it otherwise expressly stipulated. The statutes (Laws 1896, ch. 272, § 26; Laws 1892, ch. 594; Laws 1887, ch. 537, § 1; Laws 1880, ch. 472, § 1; *Domestic Relations Law,* § 56) which authorized a conveyance between husband and wife did not disintegrate the unity of their persons created by the marital relation; no more did the conveyance by the husband made under the statutory empowerment and authority. If the statute which authorized the conveyance did not sunder the unity, the conveyance it authorized did not. They were the grantees therein, and the legal unity of persons

receiving the indivisible, inseverable title to the property conveyed. There existed the legal unity which characterizes the relation of husband and wife and the conveyance to the husband and wife. The estate of tenancy by the entirety neither has nor requires another component. While there was the unity of person which begets and sustains the estate of tenancy by the entirety, under the statute each was wholly free, by contract, gift, grant, or devise, to vest any legal estate in themselves or the other. In *Winter* v. *Winter,* 191 *N. Y.* 462, 472; 84 *N. E. Rep.* 382, 386; 16 *L. R. A.* (*N. S.*) 710, we said:

" 'The intervention of a trustee or third person is no longer necessary, even for the conveyance of real estate, or the partition thereof with bar to dower and curtesy  *  *  *.'

" *  *  * The argument might be made that the conveyance was in force and effect to the wife alone and in fee-simple, because a grantor cannot convey directly to himself; and it is well settled that where one of several grantees, for any reason, is incapable of taking, one or others capable of taking shall take the whole. *Dewset* v. *Sweet,* 1 *Ambler's Rep.* 175; *Humphrey* v. *Tayleur,* 1 *Ambler's Rep.* 136; *McCord* v. *Bright,* 44 *Ind. App.* 275; 87 *N. E. Rep.* 654; *Cameron* v. *Sleves,* 9 *N. Brunswick,* 141. Without assenting to such rule in its full substance and scope, and holding the opinion that it would have precluded the grantor from a tenancy in common with his wife, I think it is not apposite to the present conveyance. The ownership it devolved was in both grantees as one person. They, while both were living, held the estate as one owner under one title, and upon the death of the husband the wife was that owner under that title. Upon the vesting of an estate by entireties, both tenants, by reason of the unity of their person by marriage, become seized of the whole estate, and neither is seized of any divisible part thereof; and therefore, upon the death of one, the survivor, being already seized of the whole, can acquire no new or additional interest by virtue of his survivorship. *Hiles* v. *Fisher,* 144 *N. Y.* 306; 39 *N. E. Rep.* 337; 30 *L. R. A.* 305; 43 *Am. St. Rep.* 762. The husband did not convey to himself, but to a legal unity or entity which was the consolidation of himself and another."

The views of Chief Judge Bartlett and Judge Collin have been recognized as those of the majority of the Court of Appeals repeatedly in the various courts of New York State, having been followed with approval by the Appellate Division in 1917 in *Re Horler's Estate*, 168 *N. Y. Supp.* 221, and by the Supreme Court, Erie county, in 1928, in *Boehringer* v. *Schmid*, 133 *Misc. Rep.* 236; 232 *N. Y. Supp.* 360, in which decision Mr. Justice Hinkley said:

"First, he contends that the deed of Joseph Schmid to himself and wife at best creates a tenancy in common, because it lacks the necessary elements of a joint tenancy, to wit, unity of title, interest, time, and possession. This contention rests upon the erroneous premise that the original title or interest of the husband remained in him after the giving of his own deed, while the wife's title, coming to her by that deed, created a situation in which there did not exist a unity of title and time at least. On the contrary, the ownership, title, and interest devolved upon both husband and wife as one person at the same time by virtue of his deed. The husband's original estate was lost in the newly created estate. Each was seized of a whole and not a separate part, and there was, therefore, unity of title, interest, time, and possession. *Hiles* v. *Fisher*, 144 *N. Y.* 306, 313; 39 *N. E. Rep.* 337, 338; 30 *L. R. A.* 305; 43 *Am. St. Rep.* 762. * * * There is no doubt that in this instance the deed by Joseph Schmid to himself and wife expressed his clear intention to create in himself and wife a tenancy by the entirety, carrying with it the right to sole ownership in her upon his death. There is no necessity for the intervention of a trustee or third person, and there is no obstacle to the carrying out of the deceased grantor's clearly expressed and undisputed intention."

The various Surrogates Courts have followed these views in *Re Vogelsang's Estate*, 122 *Misc. Rep.* 599; 203 *N. Y. Supp.* 364 (1924), and in *Re Farrand*, 126 *Misc. Rep.* 590; 214 *N. Y. Supp.* 793.

I, therefore, determine that deeds "A" and "B" vested title to the premises therein described in Ernest Cadgene and Marie Cadgene, his wife, as tenants by the entirety and upon the death of the said Ernest Cadgene his widow, the plaintiff, became the sole owner thereof.