BARBARA STUART EDGE *vs.* THOMAS H. BARROW.

Middlesex.   May 5, 1943. — April 29, 1944.

Present: FIELD, C.J., LUMMUS, QUA, & DOLAN, JJ.

*Deed,* Construction.  *Joint Tenants.  Tenants by the Entirety.  Real Property,* Joint tenancy, Tenancy by the entirety.

A recorded deed of real estate by a married man, with a release of dower and homestead by his wife, running to himself and his wife "to hold as tenants by the entirety and not as tenants in common," created a tenancy under which, upon the husband dying first without any other conveyance having been made, the wife held by survivorship.

BILL IN EQUITY, filed in the Superior Court on March 10, 1942.

The suit was heard by *Morton,* J.

*A. Barlofsky,* for the defendant.

*M. G. Rogers,* (*R. W. Sherburne* with him,) for the plaintiff.

LUMMUS, J.   After a final decree for the plaintiff upon a bill to remove a cloud from her title to land in Tyngsborough, the defendant appealed.   At the hearing the facts were not in dispute.   On July 1, 1920, Thomas H. Barrow, the father of the defendant, owning the land, granted it by a recorded deed "to Catherine S. Barrow, my wife, and to myself, to hold as tenants by the entirety and not as tenants in common."   Catherine S. Barrow therein released "to said grantees" all rights of dower and homestead.   It is not suggested that the deed was not recorded during the lifetime of both spouses.   *Erickson* v. *White,* 288 Mass. 451.

Thomas H. Barrow, the elder, died intestate on April 17, 1924, leaving as heirs his wife, Catherine, and his son, the defendant.   There was no conveyance by the elder Barrow or his wife, Catherine, after July 1, 1920, during their lives. Catherine died on May 10, 1941, and by her will bequeathed and devised all her estate, real and personal, to her niece, the plaintiff.   The question is, whether the plaintiff has the

entire title, to the exclusion of the defendant, as the judge ruled.

Although a deed to husband and wife as joint tenants is construed, whenever possible, to create a tenancy by the entirety, that being the species of joint tenancy commonly taken by husband and wife (*Hoag* v. *Hoag*, 213 Mass. 50; *Woodard* v. *Woodard*, 216 Mass. 1, 3; *Ames* v. *Chandler*, 265 Mass. 428, 431; *Splaine* v. *Morrissey*, 282 Mass. 217, 221–223; *Childs* v. *Childs*, 293 Mass. 67; *Franz* v. *Franz*, 308 Mass. 262, 265), yet husband and wife may hold land in simple joint tenancy. *Ames* v. *Chandler*, 265 Mass. 428, 432. *Franz* v. *Franz*, 308 Mass. 262. Under our statutes a husband may by one deed create a joint tenancy in himself and his wife. *Ames* v. *Chandler*, 265 Mass. 428, 432, 433.

In *Ames* v. *Chandler*, 265 Mass. 428, a husband undertook to convey land to himself and his wife "as joint tenants and not as tenants in common." Ordinarily such a habendum would create a tenancy by the entirety. But it was held (page 430) that a tenancy by the entirety could not be created by a deed running directly from a husband to himself and his wife.

We find it unnecessary to reconsider *Ames* v. *Chandler*, with reference to that point.

If that point in *Ames* v. *Chandler* was wrongly decided, the deed in the case at bar created a tenancy by the entirety, as the deed specifically provided. Then after Thomas H. Barrow, the elder, died, his wife, Catherine, held the entire title by survivorship, and passed it to the plaintiff by her will.

If, on the other hand, that point was rightly decided in *Ames* v. *Chandler*, the deed in the case at bar could not create a tenancy by the entirety, but could create a simple joint tenancy. It was said in *Kaufman* v. *Federal National Bank*, 287 Mass. 97, 101, "The general intent to convey overrides any intent to employ an ineffective form." In *Morris* v. *McCarty*, 158 Mass. 11, a deed conveyed land to two persons, described as husband and wife, "as tenants by the entirety and not as tenants in common." In fact they were not husband and wife, and could not take by the entirety.

Because the intention was to create some form of tenancy with survivorship, and tenancy in common was expressly negatived, this court held that a simple joint tenancy was created. In *Ames* v. *Chandler*, 265 Mass. 428, the words used were apt to create a tenancy by the entirety, but such an estate could not be created by the kind of deed used, according to the opinion in that case. Since the parties intended to accomplish something by the deed, this court held that the deed created a simple joint tenancy. For similar reasons, if the deed in this case could not create a tenancy by the entirety, we should hold that it created the kind of tenancy with survivorship that it could create, namely, a simple joint tenancy. If so, after Thomas H. Barrow, the elder, died, his wife, Catherine, held the entire title by survivorship, and passed it to the plaintiff by her will.

Upon either view, the plaintiff must prevail.

*Decree affirmed with costs.*