28 N.J. Super. 131 (1953)
100 A.2d 361
EDWARD J. LIPPS, PLAINTIFF,
v.
DENIS CROWE, WIDOWER, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided October 16, 1953.
*132 Mr. Lawrence B. Weisberg for the plaintiff (Mr. Harry Schaffer, of counsel).
Mr. Herman L. Levenson for the defendant Denis Crowe.
FREUND, J.S.C.
On August 16, 1926 the plaintiff, Edward J. Lipps, executed a deed conveying to Margaret Howard an "undivided one-half interest as joint tenant" in premises owned by him. The habendum clause provided that she was to have and to hold the premises "as joint tenant with the party of the first part (the plaintiff), and not as tenant in common." The grantee died intestate on July 28, 1943, and the defendant Denis Crowe, one of her heirs-at-law, claims an interest in the property, contending that the tenancy was in common and not joint. The plaintiff claims title as surviving joint tenant and seeks summary judgment to quiet title. The question for determination is whether or not the aforesaid deed effectively created a joint tenancy.
The essential characteristics of a joint tenancy are the four unities of interest, title, time and possession, and their coexistence, for, if any is lacking, there is no joint tenancy. New Jersey Title Guarantee & Trust Co. v. Archibald, 90 N.J. Eq. 384 (Ch. 1919); Reeves on Real Property, page 957; 4 Thompson on Real Property (perm. ed.), § 1776, page 312.
"The requirement of the four unities expresses in an artificial way the basic idea that cotenants hold as a unity with a community of interest between them, since if they take as one they must take at the same time, by the same deed or feoffment, and must have interests which are identical. * * * The requirement of the four unities necessarily arose as a result of the basic concept rather than as prerequisites to the creation of the estate." 2 American Law of Property (1952), § 6.1, pages 4 and 5.
*133 The defendant argues that since the plaintiff had acquired title through a prior deed and subsequently conveyed an undivided one-half interest directly to Margaret Howard, two requisites for a joint tenancy  the unities of interest and time  are lacking. He urges that the interests of joint tenants must be acquired by one and the same conveyance.
At the early common law such a contention would have been meritorious. 2 Blackstone's Commentaries, § 180 and § 181. If the plaintiff had executed a deed to an intermediary who in turn conveyed to the plaintiff and Margaret Howard as joint tenants, unquestionably the title would have been vested in them as such tenants. Until comparatively recent days the cautious conveyancer would resort to the use of a conduit whenever a change was being made in the nature of a grantor's estate. Hence, if either husband or wife held title to real estate in his or her individual name and desired that title be in them as tenants by the entirety, the common practice was to use an intermediary. So ingrained was this procedure that some attorneys still persist in it, notwithstanding authority for the validity of direct conveyance. Formerly, when separate acknowledgments were required to be taken and before the Married Woman's Act, there may have been good reason for the practice, but today there is hardly any need to use an intermediary. "It is now being held that such a circuitous procedure is outmoded and that a direct conveyance is permissible, the ancient unities to the contrary notwithstanding." 2 American Law of Property (1952), § 6.2, page 9. The trend of modern cases is to regard the creation of a joint tenancy or tenancy by the entirety just as valid if made directly between grantor and grantees as it would be if made through a third person. R.S. 37:2-18; R.S. 46:3-17; R.S. 46:3-17.1; Hallanan v. Hamilton, 104 N.J.L. 632 (E. & A. 1928); Schumann v. Curry, 121 N.J. Eq. 439 (Ch. 1937); Switzer v. Pratt, 237 Iowa 788, 23 N.W.2d 837 (Sup. Ct. 1946); Edge v. Barrow, 316 Mass. 104, 55 N.E.2d 5 (Sup. Jud. Ct. 1944); Colson v. Baker, 42 Misc. 407, 87 N.Y.S. 238 (Kings. Cty. Ct. 1904); In re Klatzl's Estate, 216 N.Y. 83, 110 N.E. *134 181 (Ct. App. 1915); In re Horler's Estate, 180 App. Div. 608, 168 N.Y.S. 221 (App. Div. 1917); Boehringer v. Schmid, 133 Misc. 236, 232 N.Y.S. 360 (Sup. Ct. 1928), affirmed 254 N.Y. 355, 173 N.E. 220 (Ct. App. 1930); 2 American Law of Property (1952), § 6.2.
The late Judge Crane observed in Colson v. Baker, supra:
"In all references to the `four unities' requisite to create a joint tenancy, I find nothing that prevents their existence or creation by the act of the grantor for himself and another as well as by his act for two other persons."
In In re Horler's Estate, supra, a wife conveyed to her husband "an undivided one-half interest and estate * * * so that the party of the first part and the party of the second part shall hold and own the same as joint tenants and not as tenants in common * * *." It was asserted there that there was no unity of title because the wife derived her title from her grantor and the husband derived his from his wife. In rejecting this contention, the court said:
"But it is unity of title in the joint tenancy with which we are concerned. Therefore, if the wife, as holder of the fee of the entire property, could by a deed to her husband, without the intervention of a third party, create in her husband and herself a joint estate, there would be unity of title and of time, for the estate would be created at one and the same time by one instrument. The reason for requiring the intervention of a third party has disappeared since the enactment of the various acts with respect to married women. A married woman is free to deal with her property as she sees fit. Being free to convey it to her husband, so as to alienate her entire interest, there is no reason in the world why she cannot alienate less than an entire interest, or create in herself and another any interest in the whole known to the law."
The conveyance in the instant case was not from husband to wife, but the principle is the same. If a joint tenancy can be created between or among persons by means of a conveyance through third persons, it can be created by direct conveyance. Indeed, our Legislature in 1950 enacted a statute to that effect, N.J.S.A. 46:3-17.1, which reads as follows:
*135 "Any conveyance of real estate, hereafter made, by the grantor therein, to himself and another or others, as joint tenants shall, if otherwise valid, be as fully effective to vest an estate in joint tenancy in such real estate in the grantees therein named, including the grantor, as if the same had been conveyed by the grantor therein to a third party and by such third party to said grantees."
However, this statute does not apply to the facts here, because both the conveyance and the death of Margaret Howard occurred before its effective date and it is prospective in operation. But it is indicative of the legislative intent that a joint tenancy may be vested in the grantor and a grantee by direct conveyance. It is not to be inferred that a conveyance made prior to the enactment of the statute is invalid; that depends upon construction by the court quite apart from statute law.
When the deed was executed in 1926 the statute then in effect, R.S. 46:3-17, provided as follows:
"46:3-17. Tenancies in common; joint tenants
From and after February fourth, one thousand eight hundred and twelve, no estate shall be considered and adjudged to be an estate in joint tenancy, except it be expressly set forth in the grant or devise creating such estate that it was or is the intention of the parties to create an estate in joint tenancy and not an estate of tenancy in common, any law, usage, or decision theretofore made, to the contrary notwithstanding."
In the instant case the deed expressly set forth that the plaintiff was conveying an interest which was owned by him and was to be held by him and his grantee as joint tenants and not as tenants in common. The grant and habendum are clear and specific as to the intention of the grantor. To hold, as the defendant urges, that a tenancy in common was created by the deed would not be in accord with, but in direct opposition to, the expressed intention of the plaintiff.
Cadgene v. Cadgene, 17 N.J. Misc. 332 (Sup. Ct. 1939) is somewhat in point. It deals with tenancy by the entirety, the nature of which is much like a joint tenancy, except that it exists only between husband and wife. There a husband *136 who owned realty in his name alone conveyed to his wife and himself. He died intestate survived by his wife and children. The issue was the nature of the estate created by the deed. It was there held:
"It is apparent that the said Ernest Cadgene intended to vest title to all of said premises in himself and his wife. * * * It is apparent that the said Ernest Cadgene did not intend to divest himself of the incidents of ownership to the property in question but rather that he intended to vest in his wife the same incidents of ownership which she would have acquired had the conveyances in the first instance been to himself and his wife; that is, to vest in himself and his wife, title to said premises as tenants by the entirety, with most certainly the right of survivorship in his wife."
Here, until the execution and delivery of the deed, the plaintiff was the sole owner in fee, and it was not until the execution and delivery of his deed and by means of it that any interest was vested in Margaret Howard. Therefore, the tenancy between the plaintiff and Margaret Howard was created at the same time and through the same instrument, and, accordingly, the unities essential for a joint tenancy are to be found from the facts and construction of the deed. Upon the death of Margaret Howard, title vested in the plaintiff as surviving joint tenant.
Judgment accordingly.